**In the Matter of David FENSTERMACH-ER, Debtor.**

**David FENSTERMACHER, Plaintiff,**

v.

**Debbie IRMER; Nebraska State Department of Public Welfare; Director of Nebraska State Department of Public Welfare, Defendants.**

**Bankruptcy No. BK80–913.**
**Adv. No. A80–569.**

United States Bankruptcy Court,
D. Nebraska.

June 27, 1983.

Peter T. Hoffman, Civil Clinical Law Program, Lincoln, Neb., for plaintiff.

Royce N. Harper, Nebr. State Dept. of Public Welfare, Lincoln, Neb., for defendants.

MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

At issue in the case before me is the dischargeability of a debt for child support which arises from a decree of paternity entered by the District Court of Lancaster County on August 23, 1976.

In the order on pretrial conference, the parties have agreed that the following represent uncontroverted facts. The debt to Debbie Irmer in the amount of $2,196.25 arose pursuant to a decree of paternity brought under *Nebraska Revised Statutes* § 13–106 (Reissue 1977) *et seq.* That decree adjudged the plaintiff to be the father of Ms. Irmer's illegitimate minor child, and ordered the plaintiff to make payments to Ms. Irmer in the amount of $85 per month for the support of that minor child. The parties further agreed that the decree and support payments arising thereunder are not in connection with a separation agreement, divorce decree or property settlement. On the following dates Ms. Irmer assigned the right to receive payment under that decree to the defendant Nebraska State Department of Public Welfare: June 28, 1976, the assignment terminating on July 31, 1977; August 11, 1977, terminating November 30, 1977; June 9, 1978, terminating November 1, 1979. From the date of the original assignment of January 1, 1977, to the filing of the bankruptcy petition, Ms. Irmer was receiving Aid to Dependent Children. Total payments received by Ms. Irmer from the Nebraska State Department of Welfare were $5,937.44. The plaintiff sought relief under Chapter 7 of the United States Bankruptcy code on May 1, 1980, and received a discharge in bankruptcy on September 15, 1980. Included in his Schedule A–3 is the listing of an unsecured debt to Ms. Irmer, the debt being $2,196.25 in the

form of child support arising from a paternity suit.

The two questions remaining to be determined are: first, whether a debt for child support arising out of a paternity decree and not one in connection with a separation agreement, divorce decree or property settlement is dischargeable under 11 U.S.C. § 523(a)(5); and second, whether that portion of the debt for child support arising from a paternity action that has been assigned to another entity is dischargeable under 11 U.S.C. § 523(a)(5)(A).

Neither case law nor the legislative history provide guidance for the particular circumstances arising in this case, that is, child support ordered pursuant to a paternity decree. Under the Bankruptcy Act § 17a (1970 amendment), nondischargeable debts included those

> " . . . for alimony due or to become due, or for maintenance or support of wife or child, or for a seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation."

The language of the current Bankruptcy Code § 523 makes nondischargeable debts owed

> " . . . to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement . . . "

While it is true, that support of a child may be nondischargeable under the new Bankruptcy Code, it seems clear from the change in statutory language that any such debt must have arisen in connection with a separation agreement, divorce decree or property settlement agreement. The purpose of Section 17a(7) of the former Act, to make nondischargeable the common law liability involuntarily imposed upon the parent for the support of a child, has been abandoned in the Code. Unless the child support liability arises under the proper document, it will be dischargeable. *3 Collier on Bankruptcy* 523.15 (15th ed.) 523–109, 523–110. Further, " . . . a mere agreement to pay for

support and maintenance of children does not fall within the exception nor does clause (a)(5) include contracted liabilities . . . supplied by a parent for the use and benefit of the . . . child." *Collier, supra.*

The defendants in this adversary proceeding, while conceding that the obligation at issue does not arise from divorce decree, property settlement or separation agreement, would urge the Court to consider a policy consideration against discharge of requiring the debtor to fulfill court-imposed obligations. They point additionally to the consideration of requiring the debtor and not the State through its welfare agencies to meet those obligations. Case law under both the former Bankruptcy Act and the present Code would point to a different result. Traditionally, exceptions to dischargeability are narrowly construed, this to give full effect to the Congressional intent to provide debtors a fresh start " . . . free from creditor harrassment and free from the worries and pressures of too much debt." H.R. No. 595, 95th Cong. 1st Sess. (1977) 125, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6086. All debts are dischargeable except those specially excepted by the statutory language. *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *In re Paley,* 8 B.R. 466 (Bkrtcy. E.D.N.Y.1981); *In re Ashley,* 5 B.R. 262 (Bkrtcy.E.D.Tenn.1980); *In re Daiker,* 5 B.R. 348 (Bkrtcy.D.Minn.1980).

No such decree or separation or property settlement agreement exists in this case. The statutory language is unyielding. The debt must be dischargeable in bankruptcy proceedings.

My determination that a debt for child support arising out of a paternity decree is dischargeable makes unnecessary a determination of the dischargeability of assigned child support under Section 523(a)(5)(A). A separate order is entered in accordance with the foregoing.