**In the Matter of Robert L. PIERSON, M.D., Debtor.**

**Robert PIERSON, M.D., Plaintiff,**

v.

**Jeri TOMAN, Kimberly Pierson, & Iowa Dept. of Human Services, Defendants.**

**Bankruptcy No. 82–2001. Adv. No. 83–721.**

United States Bankruptcy Court, D. Nebraska.

March 11, 1985.

Janice Woolley, Omaha, Neb., for Robert Pierson, M.D.

Peter J. Peters, Council Bluffs, Iowa, for Jeri Toman and Kimberly Pierson.

Joseph Reedy and Kathryne Cutler, Council Bluffs, Iowa, for Iowa Dept. of Human Services.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

The · issue presented by this case is whether or not a liability assessed against the debtor for child support by virtue of the paternity order and decree from the State of Iowa is dischargeable in a bankruptcy proceeding.

Prior to trial, the parties herein entered into a stipulation of facts, the pertinent elements of which are set forth below. Kimberly K. Pierson was born April 5, 1982, the child of Jeri Elaine Toman, an unwed mother. On April 23, 1982, Ms. Toman executed an "Assignment of Support Payments" to the Iowa Department of Social Services, now known as the Iowa Department of Human Services. On April 15, 1982, Ms. Toman filed a petition with the Iowa District Court for Pottawattamie County, Iowa, to declare Robert L. Pierson the father of the aforementioned child to require him to pay child support and medical expenses incident to her maternity. That court found, on September 13, 1982, pursuant to Ms. Toman's motion for summary judgment, Robert L. Pierson to be the father of Kimberly K. Pierson. Ms. Toman and the child have received A.F. D.C. payments and grants from the Department of Human Services from April 22, 1982, to the date of stipulation totaling $597. The Department has made payments to medical-service providers on behalf of the child in the amount of $1,229.70 beginning April 5 to the date of stipulation, and

medical assistance payments through November 15, 1982, in the amount of $868.63. Ms. Toman has received for medical expenses of maternity $2,268.51 from the Department, for the dates April 5, 1982, to November 15, 1982. On that date, November 15, 1982, Robert L. Pierson together with his wife Julie A. Pierson filed a voluntary Chapter 7 petition for relief with the United States Bankruptcy Court for the District of Nebraska. The Piersons were granted their discharge March 14, 1983. In the plaintiff's bankruptcy proceeding, Jeri Elaine Toman was duly scheduled as a creditor, and as such filed a claim for child support and expenses of birth. Similarly, the Department and the Child Support Recovery Unit were duly scheduled as creditors in this Chapter 7 proceeding. On November 2, 1983, the Iowa District Court of Pottawattamie County entered a judgment in a matter previously reserved by the court for later determination, against Robert L. Pierson, debtor herein, finding him to be the father of Kimberly K. Pierson and ordering him to pay child support of $750 per month from and after April 5, 1982, to pay the expenses of confinement incurred by Jeri Elaine Toman, and to pay medical and dental insurance premiums and all other medical expenses incurred by Kimberly K. Pierson. That ruling has been appealed; said appeal is pending. Robert L. Pierson has paid $3,000 to the Pottawattamie County Clerk of the District Court, which amount was transferred to the Department of Social Services by the Clerk. All maternity medical expenses incurred by Ms. Toman were paid for by the Department of Human Services through their medical assistance program. The Iowa Department seeks reimbursement from the debtor for Aid to Dependent Children assistance paid to Ms. Toman and her child in the amount of $3,850 through April 30, 1984, medical assistance payments made on behalf of Ms. Toman in the amount of $2,267.51 and for medical assistance payments made on behalf of the child in the amount of $1,229.70.

By a prior memorandum, *In Re Fenstermacher*, which appears at 31 B.R. 77 (D.Neb.1983), this Court determined that the language of 11 U.S.C. § 523(a)(5) did not include liability of debtors for child support incident to paternity orders or decrees. Therefore, the language of that section did not except from discharge those paternity liabilities. *Fenstermacher*, however, did not focus upon the constitutional issues here raised by the parties, and accordingly, is not good authority with regard to that issue. *Fenstermacher*, while interpreting the literal language of the statute, ignores the constitutional problem of potential denial of due process and equal protection of the laws arising because the statute facially excepts from Chapter 7 discharge those liabilities for support of children born of a marriage but does not except from discharge liabilities for the support of children born outside of marriage. A review of the legislative history, therefore, is appropriate.

Under former Bankruptcy Act Section 17a(7) liability "for maintenance or support of wife or child" were excepted from discharge. That language would clearly have rendered a paternity obligation nondischargeable, since it is a liability for support of a child. The new Bankruptcy Code, Section 523(a)(5) is drawn in somewhat tighter language and seemingly would permit the discharge of that paternity action's obligation. However, the legislative history is barren of any indication that Congress intentionally changed the law to render paternity liability dischargeable. Congress can discriminate against parties and yet pass constitutional muster if there is a rational basis for the differentiation. I am, however, unwilling to presume that Congress redrafting had such a rational basis. Because I am unwilling to make that presumption, and can find no legislative history indicating any, I conclude that it is equally as possible that Congress drafted 11 U.S.C. Section 523(a)(5) without focusing on whether paternity liability should be discharged. Given that omission of drafting, and without rational basis provided by the legislative history, I find the statute as now written to be unconstitutional. It appears to deny to

children born out of wedlock the same protection under the Bankruptcy Code that children born within a marriage receive.

█ The issue now is whether or not the entire Section 523(a)(5) should be declared unconstitutional because of this infirmity. I conclude that that would be an outrageous result. The more appropriate solution, particularly in view of the lack of any legislative history suggesting that Congress intentionally changed the law, is to read Section 523(a)(5) to *include* paternity child support liabilities and, thereby, avoid altogether the constitutional problem.

By this determination, I conclude that *In Re Fenstermacher, supra,* is not good law and should be and hereby is overruled.

█ Turning, finally, to the Iowa Department of Human Services claim. The plaintiff takes the position that the assignment of child support which the Department holds is not of the type accepted under the statutory language "other than debts assigned pursuant to Section 402(a)(6) of the Social Security Act" because the assignment was executed before the debtor's liability arose. I find that under Iowa law, the rights to support accrue on the date of the birth of the child even though the liability for that support is not determined until the conclusion of the trial and any appeals resulting therefrom.

The assignment here involved is of the type that is excepted from discharge, and the entire indebtedness due the defendant from the plaintiff is nondischargeable in this bankruptcy case. By this memorandum, the case of *In Re Fenstermacher* is hereby overruled.