In the Matter of Richard L. SHAW, Debtor(s).

Richard L. SHAW, Plaintiff,

v.

Walter E. SMITH, Defendant.

Bankruptcy No. 86–1411.
Adv. No. 86–325.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 15, 1986.

Albert Marshall, Clearwater, Fla., for plaintiff.

Walter Smith, St. Petersburg, Fla., for defendant.

## ORDER ON MOTION FOR JUDGMENT ON PLEADINGS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration is a Motion for Judgment on the Pleadings, filed by Richard L. Shaw, the Plaintiff, who instituted this adversary proceeding. The Complaint is filed against Walter E. Smith, Defendant, and seeks a determination by this Court that an obligation of the Debtor admittedly due and owing to the Defendant is a dischargeable obligation and not within the exceptive provisions from discharge of § 523(a)(5). The Motion is based on the allegations set forth in the Complaint but most importantly, on the exhibits attached to the Complaint which reveals the following facts which are without dispute:

Prior to the commencement of this case the Debtor was sued in Circuit Court for Pinellas County, Florida, by Carla Shaw, who sought to establish that her child was fathered by the Defendant. The action was not an action to dissolve the marriage, but merely to establish paternity. It further appears that subsequent to the decree entered by the Circuit Court Carla Shaw filed a motion and sought an order to restrict the Debtor's right to visit the child. The original right to visit was based on a stipulation of the parties. The motion alleged that the visitation arrangement based on the stipulation is no longer in the best interest of the minor child primarily because the Debtor was intoxicated during the period of visitation and subjected the child to unwholesome and dangerous situations.

It appears that Walter E. Smith, the Defendant, who is a practicing attorney, was counsel of record for Carla Shaw, who filed the motion. The record further reveals that on January 29, 1986, prior to the commencement of this case, the parties entered into a stipulation which modified the prior Order of Visitation dealing with the right of visitation. The stipulation also provided that the Plaintiff shall pay to the Defendant the sum of $500.00 as contribution toward the fees and costs incurred in connection with this matter. On January 29, 1986, the Circuit Court entered an order and approved the stipulation. The Defendant in addition to filing an answer also filed a Motion to Strike and sought the Debtor's Motion for judgment of Pleadings to be stricken on the basis that the Debtor failed to furnish a memorandum of law together with a motion based on local Rule 3013.01 of the District Court of the United States, Middle District of Florida, which requires motions to be accompanied by a memorandum.

Having considered the Motion to Strike, this Court is of the opinion that the Motion is without merit and therefore it should be denied for the simple reason that the rule relied on by the Defendant does not apply to the Bankruptcy Court. Currently there are no local rules governing practice and procedure that are in effect in the Middle District of Florida, although Rules have been promulgated and will become effective January 1, 1987.

This leaves for consideration the ultimate question which is whether or not this Plaintiff is entitled to judgment as a matter of law based on the pleadings only. The claim of dischargeability is posited by a Debtor rather than a third party who ordinarily seeks a determination that a debt is within the exceptive provisions to discharge under any other subclauses of § 523(a)(3) of the Bankruptcy Code.

Although some courts disagree, the majority rule among bankruptcy courts is that an obligation to pay attorney fees is so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge. *In re Spong*, 661 F.2d 6 (2d Cir.1981); *In re Romano*, 27 B.R. 36 (Bankr.M.D.Fla.1983); *In re Whitehurst*, 10 B.R. 229 (Bankr.M.D.Fla.1981); *In re Morris*, 14 B.R. 217 (Bankr.D.Colo. 1981); *In re Bell*, 5 B.R. 653 (Bankr.W.D. Okla.1980). The award of attorney fees in

this state is specifically governed by the Statute which provides as follows:

*Fla.Stat.* § 61.16. Attorney's fees, suit money, and costs

> The Court may from time to time, *after considering the financial resources of both parties*, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter [Dissolution of Marriage], including enforcement and modification proceedings. (emphasis added.)

Thus, the allowance of attorney's fees in Florida is based on the same consideration as alimony, *i.e.* financial need. *Greenberg v. Greenberg*, 397 So.2d 1032 (Fla. 3d DCA 1981); *Reid v. Reid*, 396 So.2d 818 (Fla. 4th DCA 1981); *Caldwell v. Caldwell*, 383 So.2d 1115 (Fla. 3d DCA 1980). Obviously, it is the purpose of the statute to place both spouses in financial parity for prosecution and defense of the action. *Canakaris v. Canakaris*, 382 So.2d 1197 (Fla. 1980).

The difficulty with the position taken by the Defendant should be evident when one considers the nature of the services rendered by the attorney. The claim asserted by the attorney against the Debtor is based on the services rendered to Carla Shaw in connection with the dispute concerning the Debtor's right to visit his child while in the custody of Carla Shaw, not his wife. The dispute involved in the state court was not in connection with a proceeding obtaining a divorce or to enforce alimony, maintenance, or support obligations as an award to a spouse or child, but to prohibit the natural father from visiting the child because of his alleged intoxication at the time of the visits.

Whether or not attorney fees are to be declared as nondischargeable under § 523(a)(5) when they relate not to a divorce, but to paternity actions, have been considered in the past by the courts. In the case of *In re Cain*, 29 B.R. 591 (Bankr. N.D.Ind.1983) the state court awarded periodic payments to the mother to be paid by the natural father in connection with the paternity action. The bankruptcy court when called upon to consider whether or not the award was an obligation excepted by the general bankruptcy discharge by virtue of § 523(a)(5) concluded that the decision of the non-bankruptcy forum to grant the attorney fees was, in fact, an adjudication of the mother's need for support in order to enable her to litigate on an equal basis. The bankruptcy court rejected the proposition urged by the Debtor that since § 523(a)(5) does not speak about paternity actions, any obligation arising from such litigation would be dischargeable by stating that if a debt in substance is child support established in the state court, the debt is a nondischargeable obligation under § 523(a)(5) even though the obligation did not arise in connection with the dissolution of the marriage.

In the case of *In re Fenstermacher*, 31 B.R. 77 (Bankr.D.Neb.1983) the bankruptcy court for the District of Nebraska arrived at the contrary conclusion. This Court held that unless the child support liability arises in connection with a separation agreement, divorce decree, or property settlement, it is dischargeable. The case of *In re Balthazor*, 36 B.R. 656 (Bankr.E.D.Wis. 1984) involved a paternity action but again involved an obligation imposed on the natural father to make support payments and to pay the reasonable expenses of pregnancy and confinement of the natural mother. In this situation the Court considered that the liberal construction of § 523(a)(5) which is required under the law, indicates that a support obligation arising out of a paternity suit is within the scope of § 523(a)(5), thus excepted from the protection of the general discharge. In arriving at this conclusion the Court stated that the reasonable interpretation of the law is preferable to a more rigid and formalistic construction leading to a result never contemplated by the drafters of the Section.

Adopting the reasoning of *In re Cain*, *supra*, the bankruptcy court for the Middle District of Tennessee in the case of *In re Brown*, 43 B.R. 613 (Bankr.M.D.Tenn.

**914**

1984), concluded that § 523(a)(5) exception to the discharge does not cover litigation concerning paternity actions. *Cain, supra,* just like the case under consideration, involved an action to enforce the obligations of the husband for support in a paternity action. Having considered *Fenstermacher, Balthazor* and *Cain, supra,* the court concluded that the debt was a dischargeable obligation. This Court reasoned that the specific language of the Section would not permit an extension of it's reach and unless Congress expressly so provided, which Congress did not, obligations arising out of a litigation relating to paternity actions are dischargeable. The Court indicated while there was some evidence that Congress when it considered an amendment by 1984 Pub.L. 98–353 of this Section realized that the Section had to be revised in order to make certain that obligations imposed by a separation agreement, divorce decree or other order of a court of record but it failed to proceed any further and did not extend the reach of the Section to paternity actions.

It is noteworthy that the bankruptcy court for the District of Nebraska which earlier decided *Fenstermacher, supra,* rejected a holding of *Fenstermacher* in the case of *In re Pierson, M.D.,* 47 B.R. 258 (Bankr.D.Neb.1985) but approached the problem in a different fashion. In this case the court indicated that § 523(a)(5) would be would be a violation of the equal protection clause of the 14th Amendment of the U.S. Constitution. The court noted that to deny children borne out of wedlock the same protection under the Bankruptcy Code as children borne within the marriage did not apply to support obligations considered in connection with a paternity action. However, in order to avoid the constitutional issue the Court concluded that it is a more appropriate solution to the problem to read § 523(a)(5) to include paternity child support liabilities and render them nondischargeable. The Court stated that in light of the foregoing, the holding in *Fenstermacher, supra,* was not good law and should be overruled.

Thus, it appears that the courts are divided on this question. The authorities cited by both sides advance persuasive arguments in support of their respective holdings. This Court, however, declines to make a choice between the conflicting decisions cited for the simple reason that all cases cited involved an obligation imposed on the father to support the child or the mother of the child. In the present instance, the obligation is based on the determination by the state court that the attorney shall be awarded an attorney fee for his services rendered to the mother but not in connection with an enforcement of a support obligation of her or the child, but merely in connection with litigation involving the natural father's right of visitation. Even the most liberal construction of this statute would not permit the inclusion of the right to visitation, and to equate an order of the state court ruling on the issue with an order imposing an obligation on the father of the child to furnish support to the child or the mother of the child. Based on the foregoing, this Court is satisfied that the obligation owed by this Debtor to the defendant, Walter E. Smith, is a dischargeable obligation and not within the excepted provisions of § 523(a)(5) of the Bankruptcy Code.

This being the case, this Court is satisfied that the Motion of the Debtor is well taken and should be granted. A separate final judgment will be entered in accordance with the foregoing.