36 B.R. 656 (1984)
In re Stephen L. BALTHAZOR, Kathy A. Balthazor, Debtors.
Stephen L. BALTHAZOR, Plaintiff,
v.
WINNEBAGO COUNTY and Doris Martin, Defendants.
Bankruptcy No. 83-01286, Adv. No. 83-1033.
United States Bankruptcy Court, E.D. Wisconsin.
January 12, 1984.
*657 William A. Woodrow, Neenah, Wis., for plaintiff.
Gerald L. Engeldinger, Corp. Counsel, Oshkosh, Wis., for defendants.

DECISION
JAMES E. SHAPIRO, Bankruptcy Judge.
This case is before the Court upon a stipulation of the parties who have agreed that there are no factual issues in dispute. What is involved is for this Court to determine whether or not medical expenses incurred for pregnancy and hospital confinement are dischargeable or are in the nature of support and are therefore excepted from discharge under § 523(a)(5) of the Bankruptcy Code.[1]

FACTS
The debtors became the parents of a child born on May 22, 1981 while they were not married to each other. Thereafter, Winnebago County, on behalf of the State of Wisconsin, commenced a paternity action against the debtor father by virtue of an assignment obtained from the debtor mother (because the debtor mother and child were receiving public assistance). On September 23, 1982, a stipulated judgment was entered into which required the debtor father to maintain support payments of $25.00 per week and also pay the sum of $1,684.75 as "reasonable expenses of pregnancy and confinement as a result of the birth of the child". (hereinafter referred to as "lying in expenses"). On November 17, 1982, the father and mother married, and on April 11, 1983 they filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code listing the obligation for lying in expenses in their bankruptcy schedules.

ISSUES INVOLVED
This Court must address itself to the following fundamental issues before reaching its ultimate determination:
1. Because this obligation arose out of a paternity suit and was not "in connection with a separation agreement, divorce decree or property settlement agreement", does section 523(a)(5) apply?
2. If section 523(a)(5) applies, are lying in expenses in the nature of support and therefore nondischargeable?

DOES SECTION 523(A)(5) APPLY TO SUPPORT OBLIGATIONS ARISING OUT OF A PATERNITY SUIT?
If a literal interpretation of § 523(a)(5) is followed, obligations arising out of a paternity suit are not within the exception to discharge. However, by construing this statutory provision in the light of its legislative history and applicable public policy, this Court is persuaded that support obligations arising out of paternity *658 suits are within the scope of § 523(a)(5). This Court believes that a reasonable interpretation of the law is preferable to a more rigid and formalistic construction leading to results never contemplated by its drafters. This is consistent with the philosophy of the Seventh Circuit Court of Appeals which, in In re Lipke, 630 F.2d 1225 (7th Cir.1980) stated as follows (quoting with approval from In re Adamo, 619 F.2d 216 (2d Cir. 1980)):
". . . to follow blindly the plain meaning of the statute without regard to the obvious intention of Congress would create an absurd result in accord with neither established principles of statutory construction nor common sense" (619 F.2d at 219).
A split of authority exists on this issue. See, In re Fenstermacher, 31 B.R. 77 (Bkrtcy.E.Neb. 1983); In re Marino, 29 B.R. 797 (D.C.N.D.Ind.1983); In re Richards, 33 B.R. 56 (Bkrtcy.Or.1983). These cases hold that debts for child support arising out of a paternity decree are dischargeable.
In this Court's judgment, the better view is that contained in In re Cain, 29 B.R. 591 (Bkrtcy.N.D.Ind.1983) and in In re Mojica, 30 B.R. 925 (Bkrtcy.E.D.N.Y.1983).
In the Cain and Mojica cases, a skillful examination of the pertinent legislative history as contained in the Senate and House Reports is made. It leads to the conclusion that the main purpose for the enactment of this provision was to except alimony, maintenance and support. However, nothing in its history suggests that it was intended to limit its application to child support arising out of a divorce case and to exclude child support arising out of a paternity suit. See, S.Rept. 95-989, 95th Cong.2d Sess. (1978), U.S.Code Cong. & Admin.News, 1978, pages 5787, 5865; H.Rept. 95-595, 95th Cong. 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, page 6320. In re Cain, supra at page 594. To draw a distinction between the rights of an illegitimate child and the rights of a child born during wedlock discriminates and could very well be unconstitutional. Furthermore, it results in enabling an unmarried father to avoid his obligation for child support by filing bankruptcy whereas, on the other hand, a married father, under a similar support order, would be precluded from discharging the same obligation.
In the Mojica case, supra, 30 B.R. at 928-930, Judge Duberstein asserts as follows:
"`There is . . . no apparent logic for not excepting any legitimate debt for alimony or child support simply because it arose in a manner not expressly enumerated in the statute. In bankruptcy proceedings, equity requires that the substance of the debt should prevail over the form where appropriate.'
* * * * * *
`It does not seem logical . . . that Congress could have intended to allow for the dischargeability of debts that arise from a court order but outside of a divorce decree or separation agreement.'"
When Congress enacted legislation governing Chapter 13, it saw fit as part of such legislation to provide for the discharge of all debts which are otherwise nondischargeable under Chapter 7 except for alimony, maintenance and support. This is significant. A further indication of the importance placed upon this type of obligation appears in In re Stovall, 721 F.2d 1133 (7th Cir.1983). In Stovall, the Court rejected an argument seeking to limit the nondischargeability of support assigned to the State to the amount in arrears at the time of the assignment. The Appellate Court, quoting from a Senate Finance Committee Report declares:
"The Committee believes that a parent's obligation to support his child is not one that should be allowed to be discharged by filing for bankruptcy, and that a child support obligation assigned to a State as a condition of AFDC eligibility should not be subject to termination in that way."

ARE LYING IN EXPENSES IN THE NATURE OF SUPPORT?
The remaining question is whether or not the obligation for lying in expenses is "in the nature of support" for purposes of § 523(a)(5). The use of the term "in the *659 nature of" in this statute is a clear indication that Congress intended to broaden the scope of support beyond periodic support payments. What is "in the nature of support" within the meaning of § 523(a)(5) is determined under bankruptcy law and not under state law. Wiser v. Wiser, 22 B.R. 381 (Bkrtcy.M.D.Fla.1982). It requires an examination of all of the factors of each case in the light of its own particular circumstances.
After considering all of the relevant factors in the case at bar, this Court concludes that the lying in expenses serve a support function. It is true that the provision for making weekly support payments of $25.00 and the provision for paying the lying in expenses are contained in separate paragraphs. However, this is not determinative. There are other ingredients which must also be weighed. These include, among other things, the disparity of earning power of the parties, the intent of the parties, the adequacy of support (absent the assumption of such debt) and the specific substance of the obligation assumed. The record in this case supports the conclusion that the debtor father's obligation for lying in expenses is a part of his overall support obligation. When the stipulated judgment was entered into, the debtor father was gainfully employed by Neenah Foundry and was earning $743.60 per month take home pay, and the unwed mother was unemployed. The amount set aside as and for monthly support was minimal$25.00 each week. The amount of lying in expenses involved totalling $1,684.75 does not appear to be unduly burdensome for the debtor father to assume as support. Therefore, the combination of the $25.00 weekly payments and the lying in expenses is not so excessive as to be manifestly unreasonable under the traditional concepts of support. See, In re Calhoun, 715 F.2d 1103, 1110 (6th Cir.1983).
Other courts have also, under appropriate circumstances, construed medical expenses to be in the nature of support. In In re Breaux, 8 B.R. 218 (Bkrtcy.W.D.La.1981) the court stated:
"It is clear that the medical expenses incurred in the birth of a child are closer to the support consideration than providing a roof over his familydebts on a residence or furnishingsor legal services".
* * * * * *
The payment of these debts clearly have the effect of alimony and support. It is also certain that the public policy consideration behind the Bankruptcy Code in giving the debtor a fresh start does not mean that this should be done at the expense of his familial duties."
See also, In re Growney, 15 B.R. 849 (Bkrtcy.W.D.N.Y.1981); In re Wargo, 1 B.C.D. 1206 (Bankr.W.D.Wash.1975); In re Berman, 26 B.R. 301 (Bkrtcy.S.D.Fla.1982).
In Wisconsin, it has been clearly established that the obligation to pay a wife's attorney fees are in the nature of alimony and support. In re Blake, 71-B-1253 (E.D. Wis.1971); In re Klapka, 71-B-1459 (E.D. Wis.1972); In re Holmes, 74-B-2768 (E.D. Wis.1975); In re Rodriguez, 22 B.R. 309 (Bkrtcy.W.D.Wis.1982). This Court believes that the obligation for medical and hospital expenses for the birth of a child are even more closely akin to alimony and support than payment of attorneys' fees awarded to a spouse in a divorce decree.

CONCLUSION
The obligation due from the debtor father in the sum of $1,684.75 to the defendant, Winnebago County on behalf of the State of Wisconsin, for lying in expenses is in the nature of support. It is therefore nondischargeable under the provisions of § 523(a)(5) of the Bankruptcy Code.
This decision shall stand as and for findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.
NOTES
[1] 11 U.S.C. § 523. Exceptions to discharge. (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that . . .
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act); or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . .