**In re George A. BROWN, Debtor.**

**Cynthia BERRY, Plaintiff,**

v.

**George A. BROWN, Defendant.**

**Bankruptcy No. 383–03325.
Adv. No. 384–0051.**

United States Bankruptcy Court,
M.D. Tennessee.

Oct. 23, 1984.

Phillip H. Miller, Nashville, Tenn., for plaintiff.

Michael I. Mossman, Nashville, Tenn., for defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

At issue is the dischargeability of a state court judgment requiring the debtor to pay medical expenses for the birth of his illegitimate son and to pay attorney's fees incurred by the mother in her successful paternity suit. Because this judgment is not within the class of nondischargeable debts described in 11 U.S.C.A. § 523(a)(5) (West 1979) the debts are dischargeable.

The following constitute findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

The facts are uncontraverted and both sides have moved for summary judgment. On September 2, 1983 judgment was entered establishing debtor's paternity of plaintiff's minor son born January 1, 1980. As part of the jury verdict, the debtor was ordered to pay $1,850 in medical expenses related to the birth of the child and $1,800 in attorney's fees incurred by the plaintiff/mother in her paternity suit. On December 7, 1983, the debtor filed for relief under Chapter 7 of the Bankruptcy Code.

Plaintiff has objected to the dischargeability of the judgment pursuant to 11 U.S.C.A. § 523(a)(5) (West 1979) which states:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt—
>
> \*   \*   \*   \*   \*   \*
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement.

Debtor argues that this section does not operate to bar the dischargeability of these debts for two reasons. First, the debt was not "in connection with a separation agreement, divorce decree, or property settlement agreement" and second, the debt was not "to a spouse, former spouse, or child of the debtor."

## I. "IN CONNECTION WITH A SEPARATION AGREEMENT, DIVORCE DECREE, OR PROPERTY SETTLEMENT AGREEMENT"

Several courts have considered whether debts for support (and similar expenses) which do not arise from one of the three sources listed in § 523(a)(5) may be discharged. One line of cases holds that unless the obligations specifically arise from one of the named sources, the debt will be dischargeable. *Fenstermacher v. Irmer,* 31 Bankr. 77, 8 COLLIER BANKR.CAS.2d (MB) 1294 (Bankr.Neb.1983); *State of Oregon Dept. of Human Resources v. Richards,* 33 Bankr. 56 (Bankr.Or.1983); *Lake County Dept. of Public Welfare v. Mari-*

*no,* 29 Bankr. 797 (N.D.Ind.1983); *State of Connecticut v. Leach,* 15 Bankr. 1005, 8 BANKR.CT.DEC.(CRR) 587, 5 COLLIER BANK. CAS.2d (MB) 1091 (Bankr.Conn. 1981). Other authority finds that legislative intent was to except any claim for alimony, maintenance, or support from discharge in bankruptcy and that principles of "equity" prevent discharge though the debt arose from a paternity suit rather than divorce, separation, or property settlement. *Balthazor v. Winnebago County,* 36 Bankr. 656 (Bankr.E.D.Wis.1984); *Cain v. Isenhower,* 29 Bankr. 591 (Bankr.N.D. Ind.1983); *Krauskopf v. Mojica,* 30 Bankr. 925, 8 COLLIER BANKR.CAS.2d (MB) 997 (Bankr.E.D.N.Y.1983).

It is not so unusual for a court to find itself interpreting a statute which the judge would word differently was such within the province of the court. No doubt most of us would agree that debts arising from a successful paternity action should have equal or greater dignity in a bankruptcy case to support obligations arising from a divorce decree.

However, national bankruptcy policy is made by the Congress of the United States not by the bankruptcy courts. The general rule, evolved from firm historical foundations, is that all debts are dischargeable in bankruptcy unless specifically excepted by the language of the statute. The exceptions to dischargeability are strictly construed to further the policy of affording debtors a broad discharge and an effective fresh start. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *In re Cross,* 666 F.2d 873 (5th Cir.1982). The only statutory exception to discharge argued in this proceeding is § 523(a)(5). The language of that section, quoted above, is uncomplicated, grammatically correct and clear to this reader. To be excepted from discharge under § 523(a)(5), the debt *must* arise from a separation agreement, divorce decree, or property settlement. Herein, the debt arose out of a judgment in a paternity suit. The only way this debt could be found nondischargeable under § 523(a)(5) would

be to eschew the language of the statute. We are sympathetic to plaintiff's plight, but bound to apply the law as written.

All of the courts which have found paternity obligations nondischargeable under § 523(a)(5) did so on "equitable" grounds or by aggressive judicial reconstruction of the statute to fit perceived congressional intent. For example, the court in *Mojica* engages in a thorough and scholarly examination of the legislative history of § 523(a)(5) which was derived from § 17(a)(7) of the 1898 Bankruptcy Act. The court concludes that the statute as written is "simply not an accurate codification of true Congressional intent" and that § 523(a)(5) "should be interpreted to reflect the true spirit and intent of the law and not simply given a literal interpretation." *Mojica* at 932. The court expresses its belief that "[I]t does not seem logical ... that Congress could have intended to allow for the dischargeability of debts that arise from a court order, but outside of a divorce decree or separation agreement." *Mojica* at 930. Similar analysis forms the basis for the decision in *Balthazor*.[1] Though these arguments are persuasive and appealing, important principles of statutory construction prevent this court from applying Congressional "intent" to modify the literal language of a statute which is not ambiguous or uncertain. As one commentator has observed:

Section 523(a)(5) also excepts from the operation of a discharge debts for "maintenance for, or support of both spouse or child." This provision applies only "in connection with a separation agreement, divorce decree, or property settlement agreement." This qualifying clause did not appear in section 17a(7) of the Bankruptcy Act, and represents a significant change. Section 17a(7) was construed to apply to the common law liability involuntarily imposed upon the parent for support of a child. The provisions of section 523(a)(5) are clear that liability for maintenance and support are dischargeable unless the liability arises in connection with a separation agreement, divorce decree, or property settlement agreement.

3 L. KING, COLLIER ON BANKRUPTCY ¶ 523.15[2] (15th ed.1984).

There is some good evidence that Congress recognizes the unfortunate wording of § 523(a)(5). The Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, has changed § 523(a)(5) to read as follows: "... in connection with a separation agreement, divorce decree, *or other order of a court of record* or property settlement agreement...." (amendment emphasized). The new language came from Amendment No. 3084 proposed by Senator Exon at 130 CONG.REC. S6094 (daily ed. May 21, 1984). Discussing prior law, he noted that "[C]ongress made a grave oversight and excluded from the protection of nondischargeability those children born out of wedlock. Such unequal treatment is unjust and must be eliminated." Senator Hatch believed that the amendment "resolves what really is a defect in the law where unmarried parents have been able to escape from the bankruptcy requirement to make child support payments." 130 CONG.REC. at S6095. The Senate discussion thus indicates that the pre-Amendment version of § 523(a)(5), applicable to the present case[2] clearly left such debts dischargeable. The 1984 Amendments may have changed that result for cases filed after October 8, 1984.[3] The legislative history to the 1984 Amendments to § 523(a)(5) supports the conclusion that the judgment in this proceeding is dis-

---

**1.** The court in *Balthazor* notes almost by aside that there may also be a constitutional objection to allowing the discharge of support obligations to illegitimate children while excepting from discharge support owing to a legitimate child. *Balthazor* at 658. No issue of constitutional magnitude has been argued by the parties herein. Moreover, as indicated *infra*, the obligation in this proceeding is not owing to a child, legiti-

mate or otherwise, thus implicating no classification based on the status of the child.

**2.** The 1984 Amendments to § 523(a)(5) are effective for cases filed after October 8, 1984. In the present case, the debtor filed for relief on December 7, 1983.

**3.** We need not consider whether the language used in the amended § 523(a)(5) accomplished

chargeable. *See Ryan v. Ohio Edison Co.,* 611 F.2d 1170 (6th Cir.1979); *Selby v. Ford Motor Credit Co.,* 590 F.2d 642 (6th Cir. 1978) (court sanctions use of subsequent legislative history to interpret prior law in bankruptcy cases).

## II. "TO A SPOUSE, FORMER SPOUSE, OR CHILD"

■ There is an alternative ground for the holding in this proceeding. The debtor correctly argues that the debt is owed to the plaintiff, who is not a spouse or former spouse of the debtor. The debt is for medical expenses of the plaintiff (the mother of the child) and for her legal fees in the paternity action.

Although cases have held that debts for "lying in" expenses are in the nature of support, these decisions involved payments to spouses or exspouses. *See Balthazor v. Winnebago County, supra,* and *Stelly v. Breaux,* 8 Bankr. 218, 3 COLLIER BANK. CAS.2d (MB) 604 (Bankr.W.D.La.1981). These debts are similar to the obligation to pay the wife's attorneys fees in divorce cases held nondischargeable in *Pauley v. Spong,* 661 F.2d 6 (2d Cir.1981), in that such payments are deemed "in support" of the spouse or former spouse. In contrast, the obligations here are not to a spouse or former spouse, but were instead intended as reimbursement for expenses of the mother. *Compare, Eisen v. Linn,* 38 Bankr. 762, 12 BANKR.CT.DEC. (CRR) 24 (Bankr.App. 9th Cir.1984) where the court held that a debtor's liability to a court

appointed attorney and psychiatrist in a custody suit was not a debt owed "to a spouse, former spouse, or child" and was thus dischargeable.[4] It cannot be said that these debts are owed to the child for support. The child did not incur medical expenses or legal fees—the mother did. The debt may be for "support," but it is support for the mother not for the child. The debt thus also fails the requirement of § 523(a)(5) that the obligation be "to a spouse, former spouse, or child."

An appropriate order will be entered.

---

its goal. We do note, however, that the debt must still be "to a spouse, former spouse, or child of the debtor" to be excepted from discharge by § 523(a)(5) as amended.

**4.** Cases under the former Act recognize the requirement that the debt be payable to the specific person mentioned in the statute in order to be nondischargeable. *See In re Collis,* 184 Misc. 717, 53 N.Y.S.2d 316, 320 (Sup.Ct.1945) ("any contract liability for support and maintenance of a wife must be based upon a valid marriage in order to fall within the exception from dischargeable liabilities in bankruptcy as provided by Section 17 of the Bankruptcy Code") and *Norris v. Norris,* 324 F.2d 826, 828 (9th Cir.1963) (only the obligation based on the legal duty of the husband to support the wife is saved from discharge in bankruptcy). Both of these cases

involved support obligations which were discharged when the former marriage was declared void because it was discovered that the "wife" was still legally married to another man at the time of her marriage to the bankrupt. Thus neither woman was the "wife" of the bankrupt for § 17 purposes. It has been noted that the inclusion of the words "former spouse" in § 523(a)(5) of the 1978 Code may serve to overrule these cases in that even though the marriages were annulled, a party to such a marriage would still be a "former spouse." 3 L. KING, COLLIER ON BANKRUPTCY ¶ 523.15 fn. a (15th ed.1984). However, the point of these cases for present purposes is that the nondischargeability provisions are applied to protect only those persons named in the statute.