**In re Carl OBERLEY, Debtor,**

**WOOD COUNTY DEPT. OF HUMAN SERVICES, Plaintiff,**

v.

**Carl OBERLEY, Defendant.**

**Bankruptcy No. 92–3200.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 23, 1993.

Elizabeth Guerra, Bowling Green, OH, for plaintiff.

Daniel T. Spitler, Bowling Green, OH, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment on its Complaint to Determine Dischargeability of a Debt owed to them by the Debtor, Carl Oberley. Defendant filed a Memorandum in Opposition to Summary Judgment to which Plaintiff filed a Response. The Court has reviewed the written arguments of counsel, supporting affidavits and exhibits, as well as the entire record in the case. Based on that review, and for the following reasons, the Court finds that Plaintiff's Motion for Summary Judgment should be Granted.

### FACTS

The facts in this case are not in dispute and are as follows. On August 9, 1988, Holly Ingalls gave birth to Todd Ingalls. The Wood County Department of Human Services paid for all of the child's hospital expenses. On November 26, 1990, the Court of Common Pleas in Wood County found that the Defendant, Carl Oberley, is the biological father of Todd Ingalls. The Court ordered the Defendant to pay for back child support in the amount of Two Thousand Seven Hundred Forty Five Dollars ($2,745.00); costs of blood testing used to determine paternity of Two Hundred Seventy Dollars ($270.00); and birth and past medical expenses owing to the Department of Human Services of One Hundred Twenty One Thousand Two Hundred and Ninety Six Dollars ($121,296.00). Based on the Defendant's earning potential, the Court set out a payment schedule of Thirty Dollars ($30.00) a week for current child support and Five Dollars ($5.00) a week to pay towards the blood test, arrearages and medical expenses. On December 18, 1990, the Court of Common Pleas in Wood County amended the November judgment to adjust the amount owed for past medical expenses from One Hundred Twenty One Thousand Two Hundred and Ninety Six Dollars ($121,296.00) to Sixty One Thousand Four Hundred Forty Seven Dollars and Fourteen Cents ($61,447.14).

On October 25, 1991, Defendant filed for bankruptcy under Chapter Seven. Defendant was discharged from all dischargeable debts on May 15, 1992. Before discharge, Plaintiff filed a Complaint to Determine Dischargeability of the Debt owed to them. By Order of this Court, Plaintiff filed a

Motion for Summary Judgment and Defendant filed a response to which Plaintiff replied. Both parties' briefs correctly state the amount of the debt for medical expenses as Sixty One Thousand Four Hundred Forty Seven Dollars and Fourteen Cents ($61,447.14). The remaining disputes involve questions of law. Plaintiff claims the debt is non-dischargeable under 11 U.S.C. § 523(a)(5)(A). Defendant believes the debt should be discharged because it was not properly assigned under state law.

## LAW

This case is a core proceeding to be heard and decided by the Federal Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(1). Federal Rule of Civil Procedure 56 and Rule 7056 of the Bankruptcy Rules allow the court to enter summary judgment if the movant can show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The purpose is to avoid the time and expense of litigation if possible. *U.S. v. Porter*, 581 F.2d 698, 703 (8th Cir. 1978). The moving party bears the burden of proving no issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The motion will be considered in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The controlling statute is 11 U.S.C. § 523(a)(5)(A) which provides:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree *or other order of a court of record* ... but not to the extent that—

(A) such debt is assigned to another entity voluntarily, by operation of law, or otherwise *(other than debts assigned*

*pursuant to section [602(a)(26)] of the Social Security Act ....).* (Emphasis added.)

42 U.S.C. § 602(a)(26) provides:

§ 602. State plans for aid and services to needy families....

(a) A State plan for aid and services to needy families with children must—

(26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required to assign the state any rights to support from any other person.

Ohio Revised Code § 5107.07 addresses the requirement for assignment of rights to support when applying for public assistance. § 5107.07(A) sets out in pertinent part:

§ 5107.07. Assignment of rights to support; collections fund.

(A) The acceptance of aid under §§ 5107.02 to 5107.15 of the Revised Code constitutes an assignment to the department of human services of any rights an individual receiving aid has to support from any other person, excluding medical support assigned pursuant to § 5101.59 of the Revised Code.

The medical support assigned under § 5101.59(A) includes:

§ 5101.59. Assignment of certain rights to department; duty of applicant or recipient to cooperate.

(A) The application for or acceptance of aid under Chapter 5107., 5111., 5113., or 5115. of the Revised Code constitutes an automatic assignment of certain rights to the department of human services. This assignment includes ... any rights to medical support available to him or for other members of the assistance group under an order of the court or administrative agency, and any rights to payments from a third party liable to pay for the cost of medical care and services *arising out of injury, disease, or disability* of the applicant or recipient or other members of the assistance group. (Emphasis added.)

## DISCUSSION

■ Prior to the addition of the language "or other order of a court of record", jurisdictions were split as to whether 11 U.S.C. § 523(a)(5) included money owed due to a paternity suit. Many jurisdictions held that § 523(a)(5) did include such payments, despite a literal interpretation not including paternity suit judgments. *Balthazor v. Winnebago, Co.*, 36 B.R. 656 (Bankr.E.D.Wis.1984); *Cain v. Isenhower*, 29 B.R. 591 (Bankr.N.D.Ind.1983); *Krauskopf v. Mojica*, 30 B.R. 925 (Bankr. E.D.N.Y.1983); *Matter of Pierson*, 47 B.R. 258 (Bkrtcy.1984). These courts felt that the intent of Congress led to a broader reading. Parents have a duty to support their children regardless of legitimacy and this duty outweighs the policy of giving the debtor a completely "clean slate". *In re Mullally*, 56 B.R. 271 (Bkrtcy.N.D.Ill.1985); *In re Booch*, 95 B.R. 852 (Bkrtcy.N.D.Ga. 1988). Courts also discussed possible constitutional problems with the disparate treatment between legitimate and illegitimate children. *In re Mullally*, 56 B.R. 271 (Bkrtcy.N.D.Ill.1985); *DuPhily v. DuPhily*, 52 B.R. 971 (D.C.1985). Even many of the courts that held paternity suit debts to be dischargeable did so strictly on the grounds that the judicial branch was not to sit as a legislature. *In re Brown*, 43 B.R. 613 (Bkrtcy.1984). These courts recognized the deficiency of the statute but based their decision on a strict reading of the language. In 1984, Congress made clear that § 523(a)(5) was to include paternity judgments by adding the words "or by other order of a court of record", saying that the addition "resolves what really is a defect in the law where unmarried parents have been able to escape from the bankruptcy requirement to make child support payments." 130 CONG.REC. S6095 (1984) (statement of Senator Hatch). Clearly, paternity suit judgments come within the language of § 523(a)(5) and are non-dischargeable.

In the case before the Court, the paternity suit judgment is owing to the Wood County Department of Human Services due to an automatic assignment pursuant to Ohio Revised Code § 5107.07 in accordance with 42 U.S.C. § 602(a)(26). This leads to the first of Defendant's arguments.

■ Defendant claims three areas of disputed fact. First, Defendant asserts that the assignment of support rights under Ohio Revised Code § 5107.07 was not valid due to the wording in § 5101.59 that such payments include payments for medical expenses arising out of "injury, disease or disability". This is not a question of fact but a question of the application of the statute. Defendant's argument is that expenses incurred for birth are not as a result of "injury, disease, or disability". By this argument it would mean that the birth expenses of Sixty One Thousand Four Hundred Forty Seven and Fourteen Cents ($61,-447.14) would not be medical support assigned under § 5101.59 and thus would fall under § 5107.07. Stated another way, rights to receive support from another person are assigned to the Department of Human Services per § 5107.07 unless they fall under § 5101.59. If they do not fall under § 5101.59, by Defendant's own admission, then they are not assignments excluded by § 5107.07.

The expenses were assigned by Ohio Revised Code § 5107.07 to the Wood County Department of Human Services in accordance with 42 U.S.C. § 602(a)(26). Therefore, under 11 U.S.C. § 523(a)(5)(A), Defendant's debt to the Wood County Department of Human Services is non-dischargeable.

■ Defendant's second argument is that the medical expenses are not support under federal bankruptcy law. The wording that Defendant refers to is in 11 U.S.C. § 523(a) which includes as non-dischargeable debts to a "child of the debtor, for ... support of such ... child". Courts have held that the wording of § 523(a) should be given a broad interpretation to include medical expenses incurred in child birth. *In re Valls*, 79 B.R. 270 (1987); *In re Bathazor*, 36 B.R. 656 (1984). The Court in *Bathazor* held that support payments also included "lying in" expenses. *In re Bathazor*, 36 B.R. at 659. (The "lying in" ex-

penses included "reasonable expenses of pregnancy and confinement as a result of the birth of the child".) Support payments do not have to be in the form of monthly payments to be considered support. *Shine v. Shine*, 802 F.2d 583 (1st Cir.1986). The medical payments in dispute in the case at bar are undisputedly expenses occurred due the birth of Defendant's child, Todd Ingalls. Therefore, this Court believes that the medical payments fall within the spirit of the law as payments for the support of that child.

Lastly, Defendant states in his Memorandum in Opposition of Summary Judgment that the amount of the debt is in dispute. Both Defendant's Memorandum and Plaintiff's Motion recognize the amount of the debt owed to the Wood County Department of Human Services as being Sixty One Thousand Four Hundred Forty One Dollars and Fourteen Cents ($61,441.14). In addition, Sixty One Thousand Four Hundred Forty One Dollars and Fourteen Cents ($61,441.14) is the amount of the judgment entered against the defendant by the Wood County Court of Common Pleas. Defendant has not presented any proof that the amount is otherwise. Accordingly, it is determined that there is no material issue of fact as to the amount of the debt.

The other matter to be considered is the weighing of the purpose behind bankruptcy, giving the debtor a fresh start and the public policy considerations which demand child support obligations to be exempted from dischargeability. Courts are required to determine if the debt is so high that it is considered unreasonable under "traditional concepts of support." *In re Singer*, 787 F.2d 1033 (6th Cir.1986). When the Wood County Court of Common Pleas determined the amount of the Defendant's payments to be paid to the Wood County Department of Human Services, it took into account the Defendant's earning capacity to set a reasonable amount. The Court ordered Defendant to pay an amount of five dollars ($5) a week. At this amount, it would take the debtor over two hundred (200) years to pay off the entire debt. It is safe to say that the debt will

not be paid off at that rate in the debtor's lifetime. It is important for the debtor to make a good faith effort to pay his child's expenses the best he can; otherwise, that burden will fall on society. Five Dollars ($5) a week is not an unreasonable burden on the Defendant.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Plaintiff's Motion for Summary Judgment be, and hereby is GRANTED.