In re Mark T. LAMB, Debtor.

HARDIN COUNTY DEPARTMENT
OF HUMAN SERVICES, et al.,
Plaintiffs,

v.

Mark T. LAMB, Defendant.

Bankruptcy No. 95–3225.
Related No. 95–30617.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

May 8, 1996.

Randy L. Reeves, Lima, Ohio, for plaintiffs.

Robert B. Blackwell, Findlay, Ohio, for defendant.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This matter comes before the Court upon the filing of dual Motions for Summary Judgment on Plaintiffs' Complaint to Determine Dischargeability of a Debt. The Court has reviewed the arguments, affidavits, and exhibits of the parties, as well as the entire record in the case. Based upon this review and for the following reasons, the Court finds that the Defendant's debt to Plaintiff is non-dischargeable. Accordingly, this Court will grant Plaintiffs' Motion for Summary Judgment, and deny Defendant's Motion for Summary Judgment.

## FACTS

The present adversarial proceeding in this Chapter 7 case involves the issue of dischargeability of debts arising from the birth of the Debtor's child, Devon Jacob Lamb–Salomonson. At the time of birth, Plaintiff Hardin County Department of Human Services provided payment for all medical expenses related to the treatment and care of the child and his mother, Deborah Susan Salomonson. Subsequently, the Juvenile Division of the Hardin County Court of Common Pleas found that the Defendant is the biological father of the child, and ordered the Defendant to pay the past maternity expenses in the amount of Three Thousand Three Hundred Seventeen and 98/100 Dollars ($3,317.98). The Court also ordered the Defendant to pay the cost incurred by the Hardin County Child Support Enforcement Agency for blood testing used to determine paternity, in the amount of Two Hundred Sixteen Dollars and 00/100 ($216.00). Plaintiffs now seek to have this debt determined non-dischargeable.

Plaintiffs have subsequently filed with this Court a Notice of Reduction of Amount Claimed Due by Plaintiff, with an attached Amended Entry from the Hardin County Court of Common Pleas. The Amended Entry reflects a reduction in the amount of

unpaid medical expenses to Two Thousand Three Hundred Fifty-nine and 51/100 Dollars ($2,359.51). It is therefore this amount which is at issue in this case.

Both parties have filed Motions for Summary Judgment. The Plaintiffs simply argue that these debts are in the nature of support, and are therefore non-dischargeable. The Defendant contends that he should not be responsible for the medical expenses that would have been covered by his insurance because neither the Plaintiffs nor the child's mother timely submitted medical bills to his insurance carrier. The Defendant alleges that his insurance carrier requested the medical bills before it would provide coverage, and that he was unable to obtain such bills from the Plaintiffs. Further, the Defendant alleges that he had requested the bills from the Hardin Memorial Hospital, but it would not provide them because he was not related to the mother. Therefore, because his carrier would not pay this debt without the medical bills, and because the time for filing such a medical claim has expired, the Defendant contends that he should not be forced to pay. Further, Defendant asserts that he should not have to pay these medical bills because the child's mother, Deborah Susan Salomonson, refused to use his insurance card when she was admitted to the hospital. Finally, Defendant argues that he should not have to pay more than half the outstanding medical bills because the child's mother is equally responsible for the pregnancy.

The Defendant has offered no proof of these assertions. Defendant has not produced or even alleged any evidence or witnesses that could verify his story, nor has he provided any proof that his insurance carrier requested the medical bills or that such bills were not received. The Defendant has also failed to show that the time for submission of a claim against his carrier has expired. Furthermore, the Defendant has not even offered his own sworn affidavit.

## LAW

The Bankruptcy Code provides in pertinent part:

**11 U.S.C. § 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or a child of the debtor, for alimony to, maintenance for, or support of such a spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . .

The Bankruptcy Rules provide in pertinent part:

**Rule 7056. Summary Judgment**

Rule 56 F.R.Civ.P. applies in adversary proceedings.

The Federal Rules of Civil Procedure provide in pertinent part:

**Rule 56. Summary Judgment**

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

## DISCUSSION

Determinations concerning the dischargeability of a debt are core proceedings pursuant to 28 U.S.C. § 157(b)(1). Thus, this case is a core proceeding.

This case is before the Court upon the Motions for Summary Judgment filed by both parties. In order for either party to prevail on their Motion for Summary Judgment, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 320, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In addition, the moving party must demonstrate all the elements of the underlying cause of action. *R.E. Cruise, Inc. v. Bruggeman,* 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See *In re Bell,* 181 B.R. 311 (Bankr. N.D.Ohio 1995) for a more thorough discussion of this Court's interpretation of the laws regarding summary judgment.

■ In support of their Motion for Summary Judgment, the Plaintiffs have claimed that the medical expenses arising from a paternity action are not dischargeable under § 523(a)(5). This Court agrees with this assessment and has previously determined that such medical expenses are non-dischargeable. *In re Oberley,* 153 B.R. 179, 183 (Bankr. N.D.Ohio 1993). See also *In re Valls,* 79 B.R. 270 (Bankr.W.D.La.1987) and *In re Balthazor,* 36 B.R. 656 (Bankr.E.D.Wis.1984). In *Oberley,* this Court also found that marriage is not a prerequisite to the application of § 523(a)(5). *Id.* at 182. Therefore, this Court finds that the debts arising from the paternity judgment against the Defendant are of the type typically found to be non-dischargeable, and that the Plaintiffs have met their initial burden upon summary judgment. The burden now shifts to the Defendant to disprove an element of the Plaintiffs' cause of action, or to show an affirmative defense.

The Defendant does not specifically contest the validity of *Oberley,* nor does he contest the nondischargeability of a paternity judgment. Rather, Defendant asserts that the Plaintiffs have failed to expeditiously remit the medical invoices to his third party insurance carrier. He further contends that as a result of this delay the rules arising from a "common sense legal doctrine" and the substantive bankruptcy law should estop the Plaintiffs from asserting any rights to recover the medical expenses. The Court shall assume that the Defendant's "common sense legal doctrine" implicitly refers to the doctrine of equitable estoppel.

■ In order to prevail on an estoppel argument, the moving party must establish the essential elements of the affirmative defense. As prescribed by the Supreme Court, "... the party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse, and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." *Heckler v. Community Services of Crawford,* 467 U.S. 51, 57, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984), citing *Wilber National Bank v. United States,* 294 U.S. 120, 122, 55 S.Ct. 362, 364, 79 L.Ed. 798 (1935). However, the Supreme Court has recognized that ordinarily equitable estoppel shall not apply to the government as it applies to other parties. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 419, 110 S.Ct. 2465, 2469, 110 L.Ed.2d 387 (1990). Essentially, where public funds have been involved, the Court has utilized a narrow approach in analyzing an estoppel claim. *Id.* at 422, 110 S.Ct. at 2471. The Court has reasoned that, "[w]hen the government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler,* 467 U.S. at 59, 104 S.Ct. at 2224. Notwithstanding this entrenched precedent, the Court has conceded that an exception may exist where estoppel would be a valid argument against the government. *Id.* However, to date the Supreme Court has not been persuaded to apply an equitable estoppel claim in a matter against the government. *Id.*

■ Even though the Supreme Court has been unpersuaded, the Tenth Circuit Court of Appeals has recognized a situation when estoppel may prevail against the government. *DePaolo v. IRS,* 45 F.3d 373 (10th Cir.1995). In *DePaolo,* the Court found that a party could succeed if it has established the existence of affirmative misconduct on the part of the government entity. *Id.* at 377. "Affirmative misconduct means an affirmative act of misrepresentation or concealment of a material fact. Mere negligence, delay, inaction, or failure to follow agency guidelines does not constitute affirmative misconduct." *Id.* Furthermore, a private party

must still demonstrate the essential elements of estoppel in order to succeed. *Id.*

In the matter at hand, the Defendant has not provided any evidence or even alleged any facts that could establish an estoppel claim against the government. The Defendant does not allege in his pleadings that he either changed his position or detrimentally relied upon a representation of the Plaintiffs' that they would expeditiously remit the medical bills to his third party insurance carrier. Thus, the Defendant has failed to establish that the government has engaged in affirmative misconduct. Accordingly, this Court finds that the Defendant has failed to meet his burden upon summary judgment to show the existence of a genuine issue of fact regarding his equitable estoppel argument.

In an adversarial proceeding questioning the dischargeability of a debt, the plaintiff has the burden of proof at trial on the substantive issues as prescribed by § 523(a)(5) of the Bankruptcy Code. The applicable evidentiary standard to satisfy this burden is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). This Court believes that the Plaintiffs have met this standard of proof by presenting the requisite evidence to support a finding that the debts in question are not dischargeable. Thus, the burden on summary judgment has shifted to the Defendant. This Court has further found that the Defendant has failed to sufficiently rebut the Plaintiffs' assertion. Therefore, this Court is convinced that the Plaintiffs have satisfied the prerequisites for a finding in their favor upon summary judgment.

As an alternative course of action, the Defendant has requested this Court to attribute medical expenses to Ms. Salomonson that have already been judicially allocated to him by the Hardin County Court of Common Pleas. Even though "[b]ankruptcy matters are ... inherently proceedings in equity ... and must foster equitable results," the Defendant has not been placed in any worse of a position than that which existed prior to the bankruptcy. *In re Nikokyrakis,*

109 B.R. 260, 263 (Bankr.N.D.Ohio 1989). Furthermore, the Defendant had the opportunity to argue that Ms. Salomonson should be responsible for a greater portion of the medical expenses in the Hardin County Court of Common Pleas. This Court will not second guess the judgment rendered by the State Court.

Lastly, the Court will note that the Defendant has failed to produce even a mere iota of evidence in support of his contentions. "Fed.R.Civ.Pro. 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials in Rule 56(c), except the mere pleadings themselves." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2553. In other words, when the moving party has shifted the burden of proof upon summary judgment to the opposing party, the opposing party must provide evidence of a genuine issue of material fact other than just the allegations contained within the pleadings. Irrespective of this rule, the Defendant has done nothing to show that he did not have ample time to request the information from the Plaintiffs, or that Plaintiffs improperly disregarded his request. Accordingly, the Plaintiffs should not have to bear the burden of disproving the bare allegations contained in the Defendant's pleadings.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is **ORDERED** that the Motion for Summary Judgment of Mark T. Lamb be, and is hereby, *DENIED.*

It is **FURTHER ORDERED** that the Motion for Summary Judgment of the Hardin County Department of Human Services and the Hardin County Child Support Enforcement Agency be, and is hereby, *GRANTED.*

It is **FURTHER ORDERED** that the debt of Defendant Mark T. Lamb for unpaid medical expenses of Two Thousand Three Hundred Fifty-nine and 51/100 Dollars ($2,359.51), and for the costs of blood testing in the amount of Two Hundred Sixteen Dol-

lars and 00/100 ($216.00), be, and is hereby, determined *NONDISCHARGEABLE.*