**In re Burl G. KIMBRELL, Jr.**

**Jennifer Ann MADSEN, Plaintiff,**

**v.**

**Burl G. KIMBRELL, Jr., Defendant.**

**Bankruptcy No. 96–50259 S.**
**Adversary No. 96–5012.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Sept. 18, 1996.

David G. Henry, Stuttgart, AR, for Plaintiff.

William W. Benton, Pine Bluff, AR, for Defendant.

Walter Dickinson, Chapter 7 Trustee, Little Rock, AR.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Joint Stipulation of Facts and briefs filed

by the parties. This is a complaint to determine the dischargeability of a debt in the amount of $6,480.39 for the "lying-in" expenses related to the birth of the parties' minor child. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and § 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

Section 523(a)(5) provides for the nondischargeability of debts for support of a child in connection with an order of court. The parties have stipulated that the state chancery court determined that debtor is the parent of Brittany Nicole Kimbrell and awarded costs associated with paternity testing and the birth of Brittany. The sole issue presented by the parties is whether the expenses are in the nature of support within the meaning of section 523(a)(5). A review of the facts presented and the few cases considering this issue compel the conclusion that the debt is in the nature of support.

Under the Bankruptcy Code, debts in the nature of support are not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). *See* *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir.1983); *Mencer v. Mencer (In re Mencer)*, 50 B.R. 80, 83 (Bankr.E.D.Ark.1985). In determining whether an obligation is in the nature of support, the courts look to the disparity in the earning power of the parties, the intent of the parties, the adequacy of support, and the specific substance of the obligation assumed.

Like the state chancery court, this Court has only a few stipulated facts.

Mr. Kimbrell was an adult that is gainfully employed while Ms. Madsen is a student, without employment who has not yet reached the age of majority. Given only these relevant facts, I find that the plaintiff should be awarded a judgement against the defendant for the entire amount of the lying-in expenses, excluding the amount for child care reflected in the plaintiff's exhibit of medical expenses.

*Madsen v. Kimbrell* No. E–95–90 (Ark.County Chancery Ct. Filed Jan. 17, 1996) (Judgment of Paternity). From this ruling, it appears that the state chancery court determined that the award of such costs was necessary for the support of the child. This Court concurs and finds, based upon the facts presented by the parties, the award was in the nature of support.

Finally, the Court notes that all of the cases addressing the issue of whether birth and paternity expenses are in the nature of support have answered that question in the affirmative. For the reasons stated in those cases, this Court also determines the paternity testing, birthing expenses, and court costs associated with the award of such expenses are in the nature of support. *Matter of Seibert*, 914 F.2d 102 (7th Cir.1990); *Mullally v. Carter*, 67 B.R. 535 (N.D.Ill.1986), *aff'g* 56 B.R. 271 (Bankr.N.D.Ill.1985); *Wood County Dept. of Human Services v. Oberley (In re Oberley)*, 153 B.R. 179 (Bankr. N.D.Ohio 1993); *Fisher v. Valls (In re Valls)*, 79 B.R. 270 (Bankr.W.D.La.1987); *Balthazor v. Winnebago County (In re Balthazor)*, 36 B.R. 656 (Bankr.E.D.Wis.1984); *Cain v. Isenhower (In re Cain)*, 29 B.R. 591 (Bankr.N.D.Ind.1983); *Stelly v. Breaux (In re Breaux)*, 8 B.R. 218 (Bankr.W.D.La.1981). Accordingly, it is

**ORDERED:** that the debt owed by the debtor BURL G. KIMBRELL, JR. to the plaintiff JENNIFER ANN MADSEN is nondischargeable in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(5).

**IT IS SO ORDERED.**