In re HEALTHCARE SERVICES, INC., Debtor.

Dennis S. MEIR, Trustee, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Bankruptcy No. 85–01572.
Adv. No. 85–0831.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 12, 1986.

Stephen R. Beckham, Kilpatrick & Cody, Atlanta, Ga., for plaintiff.

Myles E. Eastwood, U.S. Attys. Office, Atlanta, Ga., for defendant First Federal.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Presently before the Court is plaintiff-trustee's motion for partial summary judgment upon Count III of his complaint. This count seeks recovery of certain funds which were subjected to tax assessments and levy by defendant United States of America, on behalf of its agency the Internal Revenue Service ("IRS"). Plaintiff alleges that these actions constitute preferential transfers avoidable pursuant to 11 U.S.C. Section 547. The following facts are not in dispute:

Healthcare Services, Inc. ("HSI") and each of its wholly-owned subsidiaries are debtors in this case and by Order issued July 1, 1985, *nunc pro tunc* as of May 30, 1985, the Court directed that the debtors' cases be jointly administered. Joseph H. Hale is the sole shareholder of HSI. On February 28, 1985, the IRS made separate jeopardy tax assessments against Mr. Hale and several other corporations which he owned or controlled, none of which were HSI or any of the other debtor subsidiaries herein. This was done pursuant to 26 U.S.C. Section 6861 and the trustee states that the taxes so assessed totalled $3,876,-669.79. The trustee cites the IRS' Response to Interrogatories, ¶ 2(d)–(e), for this amount although those figures total $3,910,564.38.

The IRS, subsequent to the February 28, 1985 assessments, determined that HSI and its subsidiaries constituted alter egos or nominees of Mr. Hale and filed notices of levy asserting that each debtor was a nominee/agent/alter ego of Mr. Hale and the nondebtor corporations. The IRS also filed proofs of claim against debtors for federal withholding tax and unemployment taxes. These amounts have not been assessed due to the automatic stay. Response to Interrogatories, ¶ 3.

On March 5, 1985, the IRS issued a notice of levy to the First National Bank of Cobb County seizing funds on deposit in an account in the name of HSI. On March 21, the IRS issued a notice of levy to South Trust Bank of Alabama, seizing funds on deposit in an account in the name of debtor Shelby County Healthcare Services of Alabama, Inc. ("Shelby"). These sums were seized from debtors as nominee agents of Mr. Hale and Healthcare International, Inc. Pursuant to the nominee levies, First National Bank of Cobb County paid the IRS $294,875.86 from HSI's account and South Trust Bank of Alabama paid the IRS the total sum of $112,187.33 from the account of Shelby. See Response to Interrogatories, ¶ 6(e)–(f); Defendant's Statement of Material Facts ¶ 1–5.

During the period from March 29 to April 12, 1985, HSI, Shelby, and all other debtors herein filed voluntary petitions for relief under Chapter 11. The Court subsequently converted debtors' jointly administered case to a case under Chapter 7 on February 13, 1986. At the time of the payments, HSI's liabilities exceeded its assets by approximately $3,900,000 and Shelby's liabilities were greater by the amount of $4,200,000. See Trustee's Statement of Material Facts, ¶ 10; Defendant's Statement of Material Facts, ¶ 10. The aggregate of unpaid administrative expense claims asserted or anticipated exceeds $400,000 and the total amount of employee wage and benefit claims asserted is $399,-409.26. The amount of state and local tax claims are $84,627.28. Trustee Affidavit, ¶ 5.

As of June 27, 1986 the funds in debtors' aggregate estates totalled $480,000. Trustee Affidavit, ¶ 4. The IRS contends, however, that presently pending litigation between the trustee and the Medicare Provider Review Board, along with claimed reimbursements from Medicare providers, could potentially result in additional amounts coming into the estate for distribution. No affidavits or other evidentiary support on which to base this claim, however, were presented. The IRS relies solely on cost reports filed by debtors and the

fact of the ongoing litigation by the trustee before the Medicare Review Board concerning prior cost reports, as shown in the bankruptcy case files. *See* Defendant's Memorandum of Law in Opposition, pages 5–6. The trustee, however, anticipates recovery of an aggregate sum of less than $100,000 as compared with the aggregate amount potentially receivable of $1,376,620. Supplemental Affidavit of Trustee, ¶ 4, 5, filed August 12, 1986.

■ The Court conducted a telephone conference on September 29, 1986 with counsel for the trustee and the government. Pursuant to this discussion, counsel for trustee submitted a letter stipulation together with copies of proofs of claim filed in the HSI and Shelby case by state and local tax claimants. While the October 1, 1986 letter was not signed or consented to by counsel for IRS, it was served on counsel by Federal Express for her further examination. Counsel has not objected to the letter or attachments on behalf of IRS and the Court will treat this as a stipulation to the proofs of claim for evidentiary purposes. The Court also notes that these claims are filed and are a part of the Court record. Further, counsel for the IRS does not dispute the crediting of receipts or debiting of disbursements among debtors' estates, as set forth in the quarterly trustee's report. In the October 1 letter, counsel for the trustee stated that the balance of HSI's estate totalled $8,542.37 and Shelby's estate $18,904.32, as of August 12, 1986.

## CONCLUSIONS OF LAW

This matter is before the Court on plaintiff's motion for partial summary judgment. Fed.R.Civ.P. 56, made applicable herein pursuant to Bankruptcy Rule 7056, provides for the granting of a summary judgment if "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of establishing such right of summary judgment is upon the movant. *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370 (11th Cir.1982); *United States Steel Corp. v. Darby*, 516 F.2d 961 (5th Cir.1975).

In determining whether there is a genuine issue of any material fact, the Court must view the evidence in the light most favorable to the party opposing the motion. *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482 (11th Cir.1985); *United States v. Oakley*, 744 F.2d 1553 (11th Cir. 1984); *BAW Mfg. Co. v. Saks Fifth Avenue, Ltd.*, 547 F.2d 928 (5th Cir.1977); *Gross v. Southern Railway*, 414 F.2d 292 (5th Cir.1969). The United States Supreme Court recently addressed the nature of the moving party's burden in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In that decision the Court held that Rule 56(c) does not require the moving party to negate the claims of the non-movant but instead requires that the moving party identify those materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Id.*, 477 U.S. at 322–25, 106 S.Ct. at 2552–54. In cases in which the moving party will bear the burden of persuasion at trial, that party must present credible evidence using the materials described in Rule 56(c) to support its motion.

■ In order to recover on a claim for preferential transfer, each element of 11 U.S.C. Section 547(b) must be established and the burden of proof rests on the trustee. *Tidwell v. Bethlehem Steel Corp. (In re Georgia Steel, Inc.)*, 56 B.R. 509, 516 (Bankr.M.D.Ga.1985); 11 U.S.C. Section 547(g). A tax levy by the IRS does constitute a "transfer" for purposes of Section 547(b). *Daniel v. United States (In re R & T Roofing Structures & Commercial Framing, Inc.)*, 42 B.R. 908, 913 (Bankr.D. Nev.1984). The IRS contends two issues remain unproven for purposes of the present motion. First, they argue that the property seized was not property of the debtors by virtue of its determination that debtors were the alter egos of Mr. Hale. The Service cites the decision of *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351, 97 S.Ct. 619, 627–28, 50 L.Ed.2d 530 (1977) as justifying this use of their levy authority pursuant to 26 U.S.C. Sections 6321 and 6331. In addition, with respect to the final element of 11 U.S.C. Section

547(b)(5), the IRS maintains that it did not receive more as a result of the levies than it would receive if the case were a case under Chapter 7. This argument is based on their premise that the federal tax claims are composed of both priority claims and secured claims, by virtue of the filed notices of federal tax liens. Thus the IRS contends they are the only claimant in their class and as such their claim will receive the balance of the estate. Defendant's Memorandum of Law in Opposition, pages 5–7.

Defendant's brief disputes the claim of the trustee that the estates aggregate $480,000. No counter-affidavits or other evidence was submitted on this issue. Defendant argues, however, that based on responses and estimates of the trustee concerning Medicare recovery litigation, contingent assets totalling $2,000,000 may be brought into the estate for distribution.

For purposes of preferential transfer analysis, the IRS' satisfaction of their liens by levying on property of the debtors must be viewed in relation to other claims against the estate. The IRS acknowledged that the funds which they levied on and seized were titled in the respective names of the debtors. Defendant's Statement of Material Facts, ¶ 2. This is the starting point in determining the property of the estate under Section 541.

The IRS fails to recognize that the proper inquiry in this matter is whether the facts allow the trustee, by using Section 547, to recover property once belonging to debtors and bring it into the estate. Every preferential transfer divests the debtor of property but it is the role of Section 547 to augment "the pool of estate property to be used for distribution to the estate's creditors." *R & T Roofing, supra,* 42 B.R. at 914–15. Although the IRS made an alter ego determination on which to base their lien and levy for tax purposes, as the Supreme Court has stated "[n]othing in the Bankruptcy Code or its legislative history indicates that Congress intended a special exception for the tax collector in the form of an exclusion from the estate of property seized to satisfy a tax lien." *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 209–11, 103 S.Ct. 2309, 2315–17, 76 L.Ed.2d 515

(1983). Accordingly, this Court holds that the alter ego finding and prepetition levies by the IRS, do not preclude the estate from asserting an interest in the funds which were seized.

■ With respect to the final issue under Section 547(b)(5) and whether the IRS was the sole claimant in its class, based on the record as it now stands, the Court finds and concludes that genuine issues of material fact do exist and the trustee is not entitled to judgment as a matter of law pursuant to Rule 56(c). Specifically, factual issues presently exist concerning the possible secured status of the IRS' claim and the filing of notices of federal tax lien and their perfection, and their relationship to other priority tax claimants, and their secured status. Further, a genuine issue of fact remains with respect to the trustee's recovery in pending litigation before the Medicare Provider Review Board. Accordingly, it is

ORDERED that plaintiff-trustee's motion for partial summary judgment upon Count III of his complaint is DENIED.

IT IS SO ORDERED.