In re Roger D. LEUPP, Debtor.

Dianne M. LEUPP, Plaintiff,

v.

Roger D. LEUPP, Defendant.

Bankruptcy No. 85–01934.
Adv. No. 86–0037.

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 18, 1987.

**34**

Thomas G. Overley, Holland, Ohio, for plaintiff.

John D. Noble, Fayette, Ohio, for defendant.

**OPINION AND ORDER DETERMINING DISCHARGEABILITY OF DEBT**

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for trial on March 12, 1987, upon plaintiff's complaint to determine the dischargeability of Debtor/defendant's debt to plaintiff, pursuant to 11 U.S.C. § 523(a)(5), on the grounds that defendant agreed to pay and hold plaintiff harmless on the note and second mortgage of the marital residence, with a payoff in the approximate amount of $16,000. Upon consideration of the evidence adduced at trial and the stipulations of the parties, the court finds that the debt in issue is in the nature of support and should not, therefore, be discharged in bankruptcy.

## FACTS

Plaintiff and defendant were divorced on October 7, 1981, by the Common Pleas Court of Fulton County, Ohio. Pursuant to that judgment entry:

> ... Defendant Roger D. Leupp shall pay and save Plaintiff harmless on the note and second mortgage. Plaintiff shall pay and save Defendant Roger D. Leupp harmless on the note and first mortgage....

These two mortgages are held by Farmers & Merchants State Bank. The second mortgage is in default.

Defendant filed a voluntary petition in bankruptcy on November 20, 1985. On February 14, 1986, plaintiff filed a complaint against defendant to determine dischargeability of the second mortgage. Although plaintiff's complaint also requests determination of an outstanding orthodonic bill to Drs. Beringer & Brown, Inc. the parties agreed that this debt is not dischargeable. No discussion of this issue, then, is necessary.

## DISCUSSION

The issue before this court is whether defendant's obligation to pay and save plaintiff harmless on the second mortgage is in the nature of alimony, maintenance or support, which is nondischargeable, or is in the nature of a property settlement, which is dischargeable. 11 U.S.C. § 523(a)(5) is the applicable statutory provision, which excepts from discharge payments:

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law or otherwise ...
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in

the nature of alimony, maintenance, or support ...

*Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983), sets forth a three part test to determine the dischargeability of a debt incurred as a result of a divorce settlement. The first element of this three part test is "whether the state court or the parties to the divorce 'intended' to create an obligation to provide support through the assumption of the joint debts." *Id.* at 1109. If the court finds that the parties intended the assumption as support, the court must "next inquire whether such assumption has the 'effect' of providing the support 'necessary' to ensure that the daily needs of the former spouse and any children of the marriage are satisfied." *Id.* If the assumption has the effect of providing necessary support, "the bankruptcy court must finally determine that the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." *Id.* at 1110.

■ At the outset, it should be noted that plaintiff bears the burden of proving that the assumption of the joint debt was intended as alimony or support. *See* Bankruptcy Rule 4005; *see also Calhoun, supra* 715 F.2d at 1111 n. 15; *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir.1986) (code favors dischargeability unless complaining spouse demonstrates obligation is in the nature of alimony).

■ The first element of the *Calhoun* test requires analysis of the parties' intent regarding payment by each on the two mortgages. Additionally, a spouse's need for support is a consideration in determining the parties' intent. *In Re Yeates*, 807 F.2d 874 (10th Cir.1986). Another factor to consider is those "statements within a divorce decree which establish particular obligations as alimony or property settlement arrangements." *See In Re Conrad*, 33 B.R. 601 (Bkrtcy.N.D.Ohio 1983) (court is not required to accept statements as determinative of alimony or property settlement); *Hixson v. Hixson*, 23 B.R. 492 (Bkrtcy.S.D. Ohio 1982) (express terms of separation agreement is useful in making determination).

The judgment entry indicates that an oral property settlement was entered into between the parties. Judgment Entry of October 17, 1981 at 2. This indicates then that said judgment entry contains only support terms as the previously entered oral agreement divided the parties' property. However, the judgment entry also states that neither party shall pay alimony. Judgment Entry of October 17, 1981 at 4. It is, then, difficult to ascertain the parties' intent from the judgment entry. Both parties testified that the second mortgage was to enable defendant to establish a business and that the profits from that business were to be used to pay the second mortgage. When defendant's business failed, defendant discontinued payments and, subsequently, filed bankruptcy.

It is apparent, then, that the second mortgage was for defendant's benefit and was to be paid by defendant through his business. Plaintiff was not to be responsible for making these payments out of the income she earned. The judgment entry states that defendant is to pay and hold plaintiff harmless on this debt. Additionally, defendant was to hold plaintiff harmless on any business debts. Judgment Entry of October 17, 1981 at 4. These two provisions evidence an intent by defendant to assume sole responsibility of the second mortgage. Also, defendant stated that he would continue to be responsible for payment of the second mortgage, even if plaintiff remarried, died or cohabitated. Deposition Transcript of Roger D. Leupp at 13, In Re Leupp (January 15 1987). Additionally, plaintiff's need for payment of this obligation is evidence that the parties' intended this payment to be a form of support.

■ The court must next inquire whether defendant's obligation to pay the second mortgage has the effect of providing necessary support to plaintiff and the children of the parties. Additionally, the court may presume that the terms in the separation agreement are intended for support, where the circumstances indicate that the recipi-

ent spouse needs support. *In Re Singer*, 787 F.2d 1033 (6th Cir.1986). Furthermore

> The provision of a place in which to live falls easily within what the Bankruptcy Code intends as maintenance and support of a debtor's family. Where a debtor's obligation under a divorce decree is to make mortgage payments that are necessary for his former wife's security and support, such a debt will not be dischargeable.

*In Re Smotherman*, 30 B.R. 568, 571 (Bkrtcy.N.D.Ohio 1983) (citation omitted). *See also In Re Conrad*, 33 B.R. 601 (Bkrtcy.N.D.Ohio 1983) (duty owed by Debtor to former family includes providing an adequate place to live).

Plaintiff currently makes approximately $16,900 per year plus $70 per week for child support for the two minor children of the parties, of which she has custody except when defendant has custody, every other weekend. Judgment Entry of October 17, 1981 at 3. From this amount, she must pay approximately $344 per month on the first mortgage, $156 per month on her car and $56 per month on a loan from Credit Thrift, in addition to her and the minor children's other living expenses. Deposition Transcript of Dianne Leupp at 33, In Re Leupp (January 15, 1987). Additionally, she testified that the house was in need of repairs and maintenance. Furthermore, plaintiff has a doctor's appointment on March 16, 1987 to determine the date for her admittance to the hospital for required surgery. This surgery will cause her to lose income for at least five to six weeks.

 Plaintiff was granted exclusive possession of the marital residence and paid during the marriage and continues to pay the first mortgage thereon. Defendant's agreement to pay and hold plaintiff harmless on the second mortgage has, then, the effect of providing support as it allows plaintiff to use her money for support of herself and the minor children of the parties. Defendant's obligation to pay the second mortgage is a payment necessary for his former wife's security and support and

is, then, in the nature of maintenance and support and is not dischargeable.

 Lastly, the court must "determine the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support." *Calhoun, supra* 715 F.2d at 1110. The *Calhoun* court, in analyzing this element, stated that:

> If, at the time the debts were assumed, the assumption substantially exceeded a spouse's present and foreseeable ability to pay, the amount of the assumption which exceeded that ability should not be characterized as in the nature of support.

*Calhoun, supra* 715 F.2d at 1110. If the court were not allowed to make this determination, then a Debtor would, in effect, be denied his opportunity for the fresh start, provided him through the federal bankruptcy law. The *Calhoun* court, however, also indicated that the court may consider Debtor's "current" general ability to pay as it relates to the continuing obligation to pay the joint debts, if the Debtor has experienced changed circumstances since the assumption. *Id* at n. 11.

Defendant testified that he currently works 37 to 39 hours per week, with an annual income of $14,900. In addition to his normal living expenses, he pays $220 per month in rent. Deposition Transcript of Roger D. Leupp at 25, In Re Leupp (January 15, 1987). Defendant owes no money on his car. Deposition Transcript of Roger D. Leupp at 25, In Re Leupp (January 15, 1987). Defendant further testified that although he was not satisfied with his income, he is not looking for another job. In light of defendant's current income and expenses as compared to plaintiff's, this obligation would not impose an undue hardship on defendant. The court finds, then, that the third component of the *Calhoun* test is satisfied, disallowing defendant's discharge of this debt.

Defendant was discharged on March 13, 1986 of $450,000 of unsecured claims, without priority. Defendant has, then, been afforded a fresh start. The second mortgage is an adjustable rate mortgage with monthly payments varying between $149 in

1981 to $200 in 1984. Stipulations of Fact at 2. Defendant currently has the ability to pay the second mortgage. The court finds, then, that the second mortgage is in the nature of alimony and, therefore, is nondischargeable.

Defendant points out that plaintiff could refinance the house or allow a friendly foreclosure, either of which would result in a monthly payment of about the same amount as she is currently paying. However, this hypothetical is premised on plaintiff's ability to pay closing costs, attorney's fees and a down payment. Such funds do not presently appear available to plaintiff.

Defendant also indicates that plaintiff allegedly was forgiven of a $9,500 obligation to defendant's parents. However, defendant also benefitted from his parents' generosity.

Lastly, plaintiff testified that she last took a vacation with her children five years ago. She testified that that trip was quite inexpensive as she drove to Colorado without staying overnight, stayed with friends and then drove straight back. The cost of that trip included gasoline, only. Plaintiff has also been to Hawaii, but that trip was paid for by a friend. Defendant indicates that plaintiff is able to pay the second mortgage as evidenced by these vacations. In light of plaintiff's testimony regarding monies spent on these "vacations", plaintiff's ability to pay the second mortgage by foregoing vacations, does not seem feasible.

For the foregoing reasons, it is therefore

ORDERED that Debtor's obligation to pay and to save plaintiff harmless on the note and second mortgage on the marital residence, be, and it hereby is, held to be nondischargeable. It is further

ORDERED that the debt to Drs. Beringer & Brown, Inc. be, and it hereby is, held to be nondischargeable.