**In re Donald Stephen BOOCH, Debtor.**

**Jamie BLANCHARD and Johnny Panos, Plaintiffs,**

v.

**Donald Stephen BOOCH, Defendant.**

**Bankruptcy No. A87–06928–MHM. Adv. No. 87–0496A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 3, 1988.

Johnny N. Panos, Decatur, Ga., for plaintiffs.

Waymon S. Harrell, Stone Mountain, Ga., for defendant.

## ORDER

**MARGARET H. MURPHY,**
Bankruptcy Judge.

This matter is before the Court on the parties' cross motions for summary judgment. The Chapter 7 case commenced September 5, 1987. This adversary proceeding was filed September 24, 1987.[1] The complaint alleges plaintiffs' claim, which is based on attorney's fees ordered to be paid pursuant to an order entered in a paternity

action, is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## STATEMENT OF FACTS

The parties agree that the facts are undisputed. On February 4, 1986, plaintiff Johnny Panos (hereinafter "Plaintiff") filed an action in DeKalb Superior Court on behalf of plaintiff Jamie Blanchard and her minor child, Danielle Blanchard, against defendant Donald Stephen Booch (hereinafter "Debtor") to establish paternity and support for the minor child. On April 10, 1986, Debtor was ordered to submit to and pay for a blood test which would assist in determining paternity. The results of that blood test provided to the court on June 24, 1986, showed a 98.43% probability that Debtor was the father of the minor child. Shortly after the results of the blood test were made available, a criminal action for abandonment was instituted against Debtor in Fulton State Court.[2] The paternity suit in DeKalb County Superior Court was stayed pending resolution of the criminal action. On May 14, 1987, a jury returned a verdict against Debtor which found him to be the father of the minor child and to be guilty of abandonment. The sentencing order dated August 27, 1987, provided for the suspension of Debtor's twelve-month sentence on condition that he pay $60 per week child support.

As a result of the verdict in the criminal action, Debtor was persuaded to consent to the entry of an order in the paternity action pending in DeKalb County. On June 4, 1987, a consent order was entered which provided that Debtor pay child support in an amount to be determined by the Fulton County Probation Department in connection with the criminal case (which was determined as provided in the above-referenced sentencing order), that Debtor provide medical and dental insurance for the minor child and that Debtor be allowed

---

1. On October 13, 1987, prior to the filing of defendant's answer, plaintiff amended his complaint to request that the automatic stay of 11 U.S.C. § 362 be lifted. Pursuant to Bankr. 7001, a pleading seeking relief from the automatic stay of 11 U.S.C. § 362 should properly be filed as a motion rather than an adversary proceeding. Furthermore, 11 U.S.C. § 362(d) requires notice and a hearing prior to the court's granting of relief from stay.

2. The accusation in that criminal action is dated August 19, 1986.

visitation. The issue of attorney's fees and court costs were reserved for subsequent determination by the court.

In an order entered June 16, 1987, attorney's fees in the amount of $4,200 were awarded to Plaintiff. The Court concluded, "[a]fter reviewing plaintiff's counsel's affidavit on the amount of time spent and the defendant's contentions as well as the circumstances of the case including the relative financial circumstances of the parties," that $4,200 was a reasonable attorney's fee for that case.

At the time of the paternity action, it was shown that Debtor was employed by United Parcel Service earning approximately $37,000 per year. Jamie Blanchard was employed as a secretary and part-time as a sales clerk at Macy's earning approximately $13,000 per year.

On August 19, 1988, Plaintiff obtained a Fi.Fa. on the judgment for attorney's fees and instituted garnishment of Debtor's earnings from UPS. Debtor filed his Chapter 7 petition on September 5, 1987. The garnishment terminated on October 29, 1987, as a result of the automatic stay of 11 U.S.C. § 362.

This adversary proceeding was filed September 24, 1987. Debtor's answer and counterclaim[3] were filed October 16, 1987. Debtor filed his motion for summary judgment on December 1, 1987. Plaintiffs filed their response to Debtor's motion for summary judgment and their motion for summary judgment on December 11, 1987.[4] Debtor's response to Plaintiffs' motion for summary judgment was filed January 13, 1988. Plaintiffs filed a supplemental response to Debtor's motion for summary judgment on February 29, 1988.

---

**3.** Debtor's counterclaim asserts he is entitled to costs and attorney fees because plaintiff's action is frivolous and without foundation in law or fact.

**4.** On the same day, plaintiffs filed a "motion to deny debtor's Chapter 7 discharge." Pursuant to Bankruptcy Rule 7001, an objection to a debtor's discharge must be filed as an adversary proceeding. If plaintiffs' "motion" is construed as an amendment to the complaint, plaintiffs failed to obtain the court's permission to amend

## CONCLUSIONS OF LAW

The issue before the court is whether an attorney fee award ordered paid by a father to the mother's attorney in a paternity action falls within the exception to dischargeability set forth in 11 U.S.C. § 523(a)(5):

(a) A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt ...

(5) To a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce, decree or other order of a court of record, determination made in accordance with state or territorial law by a govern-mental unit, or property settlement agreement, but not to the extent that— ...

(B) Such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

▪ The burden of proof is on plaintiffs to show the claim is nondischargeable. *Myers v. Myers,* 61 B.R. 891 (Bankr.N.D. Ga.1986). Determining whether a particular claim is "actually in the nature of alimony, maintenance, or support," is a matter of federal bankruptcy law, not state law. *In re Harrell,* 754 F.2d 902 (11th Cir.1985). "Debts payable to a third person may be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve." *Williams v. Williams,* 703 F.2d 1055, 1057 (8th Cir.1983).

▪ The general bankruptcy rule is that exceptions to dischargeability should be construed in favor of the Debtor. *In re*

---

as required by Bankruptcy Rule 7015. Furthermore, the bar date for objections to Debtor's discharge was December 7, 1987. Totally new grounds unrelated to the conduct, transaction or occurrence set forth in the original complaint may not be added by amendment after the deadline for filing such complaints is past. *In re Ksensowski,* 56 B.R. 819 (Bankr.E.D.N.Y.1985); *McCullough v. Anderson,* 30 B.R. 229 (Bankr.S. D.Fla.1983).

*Hunter*, 780 F.2d 1577 (11th Cir.1986). This general rule in favor of Debtor is overcome, however, by the Congressional policy which favors enforcement of obligations for spousal and child support. *Shine v. Shine*, 802 F.2d 583 (1st Cir.1986); *Cain v. Isenhower*, 29 B.R. 591 (Bankr.N. D.Ind.1983).

Prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984, the Code did not clearly state whether § 523(a)(5) was limited in its application to support obligations which result from the termination of marriage. In most cases in which the question was raised, it was concluded that § 523(a)(5) was meant to apply to orders of support which resulted from paternity actions. *Balthazor v. Winnebago County*, 36 B.R. 656 (Bankr.E.D.Wis. 1984); *Cain v. Isenhower*, 29 B.R. 591; *In re Mojica*, 30 B.R. 925 (Bankr.E.D.N.Y. 1983); *In re Porter*, CCH Bankr.L.Rep. ¶ 64, 575 (S.D.Ind. July 12, 1971). *Contra, Berry v. Brown*, 43 B.R. 613 (Bankr.M.D. Tenn.1984). At least two courts noted that failure to hold that support orders issued as a result of paternity suits are nondischargeable would unconstitutionally violate the equal protection clause of the United States Constitution. *In re Pierson*, 47 B.R. 258 (Bankr.D.Neb.1985); *Cain*, 29 B.R. at 595.

The 1984 amendments dealt with the constitutionality of § 523(a)(5) by inserting the phrase "or other order of a court of record." In the legislative history, this amendment is explained: "[U]nder this revision, the security of support would depend on parentage rather than the marital status of the child's natural parents." 130 Cong.Rec. S6094, comments of Senator Exon of Nebraska, May 21, 1984. Therefore, in the instant case, because paternity was established in the abandonment proceeding in the State Court of Fulton County, the only question remaining is whether the attorney fees awarded constitute "support" within the meaning of § 523(a)(5).

■ The majority rule is that an obligation to pay attorney fees is "so tied in with the obligation of support as to be in the nature of support or alimony and ex-cepted from discharge." *Shaw v. Smith*, 67 B.R. 911, 912 (Bankr.M.D.Fla.1986); *see also, In re Cain*, 29 B.R. 591, *In re Porter*, CCH Bankr.L.Rep. ¶ 64575; *Myers v. Myers*, 61 B.R. 891. This is not, however, necessarily a hard and fast rule. *Fitzpatrick v. Schiltz*, 97 B.R. 671 (Bankr. N.D.Ga.1986) (Judge Cotton). The factors to be considered in determining whether a particular obligation is an item of support include (1) the disparity of earning power of the parties, (2) the intent of the parties, (3) the adequacy of support, and (4) the specific substance of the obligation assumed. *Balthazor v. Winnebago County*, 36 B.R. 656.

■ In the instant case, it has been established that Debtor earns approximately $37,000 per year while Jamie Blanchard earns approximately $13,000 per year. Thus, with Debtor earning approximately three times the amount earned by Jamie Blanchard, the disparity of earning power is substantial. Neither the consent order nor the court's order on attorney fees gives any clear indication as to the intent of the parties concerning the characterization of the attorney fees as support. However, it is clear that the court in its award of attorney fees considered the parties' relative ability to pay in awarding the attorney. fees.

With respect to the adequacy of support, the sentencing order provided for payment of child support of $60 per week. The yearly total of that child support award is $3,120, thus increasing Jamie Blanchard's income from approximately $13,000 to approximately $16,000 and decreasing Debtor's income from approximately $37,000 to approximately $34,000. The disparity in earnings thus remains substantial. Furthermore, if Jamie Blanchard paid the entire amount of her child support payments to her attorney, it would require almost a year and a half for her to pay the total amount of $4,200. Therefore, little doubt exists that the award of attorney fees in the instant case should be characterized as an item of support.

Debtor argues that a finding that the award of attorney fees is nondischargeable would result in a "windfall" to plaintiff. This court is unable to discern, however, how a determination of nondischargeability of an obligation which Debtor acknowledges is a valid and legal obligation could result in a windfall to Plaintiff.

Debtor also argues this court should not find the award of attorney fees to be nondischargeable because it was unnecessary for Jamie Blanchard to employ a private attorney to represent her in connection with the criminal action in Fulton State Court. This objection, however, was raised and considered in DeKalb Superior Court in connection with plaintiff's application for attorney fees. The issue is, therefore, precluded from relitigation in bankruptcy court. *Molldrem v. Wagner,* 79 B.R. 1016 (Bankr.W.D.Wisc.1987). It is clear that the attorney fees in the instant case are an item of support. Assessment of the amount of support owed in family law matters is within the province of the state court rather than the bankruptcy court. *Myers v. Myers,* 61 B.R. 891 (Bankr.N.D. Ga.1986). Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED. It is further

ORDERED that this court deems plaintiff's amendment to the complaint which seeks relief from the automatic stay of 11 U.S.C. § 362 to be a motion for relief from stay. Notice is hereby given that a hearing will be held at 11:00 a.m. on the 3 day of November, 1988 in Courtroom 1705, United States Courthouse, Richard B. Russell Building, 75 Spring Street, Atlanta, Georgia.

IT IS SO ORDERED.