**In re Marshall Grant HENRY, Debtor.**

**Charlene Burgun HENRY, Plaintiff,**

**v.**

**Marshall Grant HENRY, Defendant.**

**Bankruptcy Case No. A89–01070–JB. Adv. No. 89–0242A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Feb. 5, 1990.

James W. Friedewald, Edwards, Friedewald & Grayson, Marietta, Ga., for plaintiff.

Marshall Grant Henry, Marietta, Ga., pro se.

### ORDER

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on plaintiff's motion for summary judgment. The plaintiff, the debtor's former wife, requests a determination that the debtor's obligation to pay the plaintiff's attorney's fees as required in a divorce decree is nondischargeable under 11 U.S.C. § 523(a)(5).

The facts are as follows. The plaintiff and the defendant-debtor were husband and wife. The parties' divorce action was tried before a jury in the Superior Court of Cobb County, and the court entered a "Divorce Final Judgment and Decree" (the "Divorce Decree") on November 28, 1988. The Divorce Decree awarded custody of the parties' minor child to the wife, set out the parties' agreement as to the husband's visitation rights, and ordered the husband to pay child support to the wife in the amount of $300.00 every two weeks. The Divorce Decree also awarded the wife full title and interest in the residence and incorporated the parties' agreement as to the division of personal property. In the last paragraph, the Divorce Decree directed the husband to pay attorney's fees to James W. Friedewald, the wife's attorney, in the amount of $6,700.00.

The debtor husband filed a Chapter 7 petition on February 2, 1989, and the complaint in this adversary proceeding was filed May 9, 1989. The debtor filed an answer *pro se* on June 8, 1989, denying that the obligation to pay the plaintiff's attorney's fees was intended as support or alimony. Contending that the obligation is dischargeable, the debtor alleged, among other things, that he and the plaintiff earned similar salaries at the time of their divorce and that the jury did not award any alimony to the plaintiff.

The plaintiff filed a motion for summary judgment on December 4, 1989, alleging that there is no genuine issue as to any material fact and that the obligation to pay attorney's fees set forth in the Divorce Decree is nondischargeable as a matter of law. The Court notes that the debtor has not filed a response to the motion for summary judgment. However, the merits of the motion still must be addressed and the movant has to meet her burden of proof. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629 (11th Cir.1988).

Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056 provide for the granting of a summary judgment if there is no genuine issue as to any material fact and if the moving party is

entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Meir v. United States (In re Healthcare Services, Inc.)*, 85 B.R. 913, 915 (Bankr.N.D.Ga.1986). In determining whether there is a genuine issue of material fact, the Court must view the evidence in a light most favorable to the party opposing the motion. *Hershey v. City of Clearwater*, 834 F.2d 937, 941 (11th Cir.1987); *Healthcare Services*, 85 B.R. at 915.

■ The issue in this case is whether the debtor's obligation to pay attorney's fees pursuant to the Divorce Decree is "in the nature of alimony, maintenance or support" within the meaning ·of 11 U.S.C. § 523(a)(5), which provides, in pertinent part, as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt— ...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that— ...

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5) (1982).

■ The plaintiff argues that under Georgia law, an obligation to pay a former spouse's attorney's fees is considered alimony and that all such obligations are nondischargeable in bankruptcy as a matter of law. This argument is without merit and ignores the Eleventh Circuit holding that "whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law." *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 905 (11th Cir.1985) (quoting *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir. 1983)); *Accord Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984).

The proper approach under federal bankruptcy law is to determine whether the debt for the ex-spouse's attorney's fees was intended, at the time of the decree, to be part of the division of property, or part of the ex-spouse's support and maintenance. This determination must be made in light of all the facts and circumstances relevant to the intent of the attorney's fee award. *Williams*, 703 F.2d at 1057–58; *Gibson v. Gard (In re Gibson)*, 103 B.R. 218, 220 (Bankr. 9th Cir.1989); *Chamorro v. Gonzalez (In re Gonzalez)*, 107 B.R. 778, 780 (Bankr.S.D.Fla.1989).

In *Williams*, the Eighth Circuit affirmed the holding that the debtor's obligation to pay his ex-wife's attorney's fees was a debt in the nature of support and was therefore nondischargeable. The Eighth Circuit stated that there was substantial evidence that the agreement to pay attorney's fees was intended as support, and the evidence included the wife's poor health, her lack of employment, and the fact that her expenses exceeded her income from social security and other sources. In *Gibson*, the court held that the award of attorney's fees was "more consistent with a division of community property and debt than with a support award", because the state court did not appear to consider the relative need or financial circumstances of the parties in making the award. 103 B.R. at 222.

The courts in this district have similarly held that the financial need of the non-debtor spouse at the time of the award for attorney's fees is relevant to deciding whether the award is in the nature of alimony, maintenance or support within the meaning of § 523(a)(5). *Fitzpatrick v. Schiltz (In re Schiltz)*, 97 B.R. 671 (Bankr. N.D.Ga.1986); *Blanchard v. Booch (In re Booch)*, 95 B.R. 852 (Bankr.N.D.Ga.1988). In *Booch*, the court enumerated four factors to consider in determining whether a particular obligation is an item of support: "(1) the disparity of earning power of the parties, (2) the intent of the parties, (3) the adequacy of support and (4) the specific substance of the obligation assumed." *Id.* at 855 (citing *Balthazor v. Winnebago County*, 36 B.R. 656 (Bankr.E.D.Wis. 1984)). In *Schiltz*, the court examined the

financial condition of the parties at the time of a child custody modification proceeding and concluded that "the only basis for finding that an award for attorney's fees in a state court divorce, post-divorce, or child custody proceeding is actually in the nature of support, is to determine whether the award was intended to address a financial necessity of the nondebtor spouse to enable that person to sue or defend such an action." 97 B.R. at 674 (other citations omitted). In holding that the obligation to pay attorney's fees was dischargeable, the court in *Schiltz* recognized the existence of conflicting policies and stated "[c]haracterizing all family obligations as support may sweep too broadly and the general rule that exceptions to discharge should be narrowly construed must be figured into the equation to promote the 'fresh start' policy in bankruptcy." *Id.* at 673–674.

In the instant case, the Divorce Decree does not characterize the debtor's obligation to pay the plaintiff's attorney as a part of any support or alimony award or as a part of the division of property. The plaintiff relies solely on the Divorce Decree to support her argument that the obligation was intended as alimony or support, and yet the Divorce Decree does not reveal the function that the obligation was intended to serve. Moreover, the debtor strongly disputes the plaintiff's characterization of the obligation as alimony or support and argues that the award for attorney's fees was not related to any financial necessity on the part of the plaintiff. Viewing the record in a light most favorable to the party opposing the motion for summary judgment, the Court finds that there is a genuine issue as to a material fact.

For the above reasons, the plaintiff's motion for summary judgment is DENIED. This adversary proceeding will be set for trial by separate notice.

IT IS SO ORDERED.