In the Matter of Dr. Alan Dale CLARK, Debtor.

Dr. Alan Dale CLARK, Appellant/Cross–Appellee

v.

Mary Carole Bray CLARK, Appellee/Cross–Appellant.

Bankruptcy No. 88–11590.
Adv. No. 89–1002.
Civ. A. No. CV190–002.

United States District Court,
S.D. Georgia,
Augusta Division.

April 20, 1990.

C. Stanley Lowery, Martinez, Ga., L.E. Maioriello, Augusta, Ga., for debtor.

Jack E. Berry, Asst. U.S. Trustee, Savannah, Ga.

Timothy C. Batten, Atlanta, Ga., Louis A. Saul, Augusta, Ga., for appellee/cross-appellant.

## ORDER

BOWEN, District Judge.

Presently pending before the court is an appeal by the plaintiff, Dr. Alan Dale Clark, and a cross-appeal by the defendant, Mary Carole Bray Clark, of the bankruptcy court's decision with respect to the dischargeability of a portion of plaintiff's obligations under a judgment and decree of total divorce from defendant. On December 5, 1989, Dr. Clark (appellant), filed his notice of appeal. On December 13, 1989, Mrs. Clark (appellee), filed her notice of cross-appeal. Although the clerk of court gave the parties notice, on January 2, 1990, that this appeal had been docketed, appellant has failed to file any brief with the Court and has apparently abandoned his appeal.[1] Consequently, appellant's appeal is dismissed for failure to comply with Bankruptcy Rule 8009(a)(1) and for want of prosecution pursuant to Local Rule 15.1.

On March 15, 1990, appellee filed a brief in support of her cross-appeal which challenges the bankruptcy court's determination that one of appellant's obligations was dischargeable. The appellant having had more than 10 days from the service of appellee's brief to file a reply brief, I will now rule on appellee's cross-appeal. See Bankruptcy Rule 8009(a)(3).

The parties to this cross-appeal were divorced in March of 1987. In connection with their divorce, they executed a settlement agreement which was incorporated into the final judgment and decree entered in the Superior Court of Fulton County on March 6, 1987. In that settlement agreement, appellant agreed to assume the parties' joint debt to Fidelity National Bank, which holds the third mortgage on the parties' marital residence. Appellant further agreed to indemnify and hold appellee harmless from any claim asserted by Fidelity National Bank on its note.[2] The sole

---

1. Bankruptcy Rule 8009(a)(1) & (2) provide:

   Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:
   (1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

   (2) The appellee shall serve and file a brief within 15 days after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.

2. The settlement agreement provides in pertinent part on page 19:

issue before the Court on appeal is whether these obligations, with respect to the Fidelity National Bank mortgage, were properly held by the bankruptcy court to be dischargeable in Appellant's chapter 7 bankruptcy proceeding notwithstanding the provisions of 11 U.S.C. § 523(a)(5).[3] The appropriate standard for reviewing the findings of the bankruptcy court is whether or not the finding was "clearly erroneous." *In re Garfinkle*, 672 F.2d 1340, 1344 (11th Cir.1982).

In support of her cross-appeal, appellee objects to the bankruptcy judge's failure to go beyond the face of the settlement agreement in making his determination that the appellant's obligations with respect to the Fidelity National Bank mortgage (obligations) were dischargeable. Since the obligations were not specifically denominated as either alimony, support, maintenance or as property settlement, appellee argues that the intent of the parties is not ascertainable solely from the face of the agreement. Moreover, appellee asserts that the bankruptcy judge placed too much significance on the waiver of alimony clause contained in the parties' settlement agreement. Appellee asserts that she relinquished any rights she had to periodic alimony in exchange for appellant's agreement to assume responsibility for the obligations at issue in this cross-appeal.

Appellee cites *In re Booch*, 95 B.R. 852 (Bankr.N.D.Ga.1988), for her assertion that the bankruptcy judge in the instant case should have relied upon factors outside the agreement in making his determination. There the bankruptcy court stated that

> [t]he factors to be considered in determining whether a particular obligation is an item of support include (1) the disparity of earnings power of the parties, (2) the intent of the parties, (3) the adequacy of support, and (4) the specific substance of the obligation assumed.

*In re Booch*, 95 B.R. at 855 (citations omitted). In addition, the case of *In re Thomas*, 21 B.R. 571, 573 (Bankr.E.D.Penn.1982), held the following:

> In determining whether the debt in question is in the nature of support or a property settlement, the substance of the liability must be examined, rather than the form. In short, one must look beyond the four corners of the document, especially for evidence of the relative financial needs and abilities of the parties.

Furthermore, appellee relies on two cases—*In re Rich*, 40 B.R. 92 (Bankr.D. Mass.1984), and *In re Leupp*, 73 B.R. 33 (Bankr.N.D.Ohio 1987)—for her argument that the obligations may be deemed to be in the nature of alimony, maintenance or support despite the waiver of alimony provision contained in the settlement agreement. In *In re Rich*, debtor's former spouse filed a complaint to determine the nondischargeability of the debtor's obligation in the separation agreement, incorporated into the divorce decree, to pay an unsecured home improvement loan. Although both parties expressly waived the right to seek alimony, support or maintenance from each other, the bankruptcy court held that repayment

---

12. DEBTS OF THE PARTIES
The following listed debts of the parties are hereby acknowledged by the Husband who agrees to pay such debt in full as it becomes due and payable, including, but not limited to: ... Fidelity National Bank.... If legal action is brought against the Wife to recover any of the above-listed debts, the Husband agrees to indemnify and hold her harmless in addition to pay all attorney's fees and costs of collection which she may incur as a result of such liability.

**3.** 11 U.S.C. § 523(a)(5) provides the following:
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

of the loan was in the nature of child support. *In re Rich*, 40 B.R. at 96. The court stated that the purpose of its inquiry "is to ascertain the intent of the parties which requires an examination of the Decree and Agreement, and extrinsic evidence of the parties circumstances at the time of the divorce." *Id.* at 95.

> The label given an obligation in a Divorce Decree or separation Agreement is not determinative of whether a payment was intended to provide alimony, maintenance or support or was intended to divide property.

*Id.* at 95 (citing *In re Ingram*, 5 B.R. 232, 234 (Bankr.N.D.Ga.1980)). The court proceeded to enumerate several factors which should be considered when assessing the nature of an obligation arising out of a divorce decree or separation agreement.

> The parties understanding of the provision is obviously important in determining the nature of the liability.... The type of obligation assumed, whether the debt is for necessities or luxuries, is relevant.... The location and context of the provision calling for assumption may indicate the nature of the debt.... The method of payment, whether it is by installments or lump-sum, may indicate the purpose of the provision, installment payments tending to indicate that support was intended.... The parties financial circumstances at the time of the divorce should also be considered. The relative earning power and income disparity of the spouses, and the adequacy of support absent the agreement to assume should be examined to determine the purpose of the obligation.

*Id.* at 95 (citations omitted).

Similarly, the issue in *In re Leupp* was "... whether defendant's obligation to pay and save plaintiff harmless on the second mortgage is in the nature of alimony, maintenance or support, which is nondischargeable, or is in the nature of a property settlement, which is dischargeable. *In re Leupp*, 73 B.R. at 34. There the court applied a three prong test, set forth in the Sixth Circuit case of *Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983), for determining the dischargeability of a debt incurred as a result of a divorce settlement. The *Long v. Calhoun* test does not merely focus upon the intent of the parties at the time of entering the settlement agreement, but goes a step further to determine the precise amount of the obligation which should be held nondischargeable based upon the present relative needs of the parties.

Both the Memorandum and Judgment entered on September 21, 1989, and the transcript of the November 13, 1989, hearing on the parties' cross-motions for reconsideration reveal that the bankruptcy judge relied solely upon the settlement agreement in determining that the obligation at issue here was dischargeable in bankruptcy.[4] It is also undisputable that the bankruptcy judge relied heavily upon the waiver of alimony clause contained in the settlement agreement in reaching his decision.[5] Explaining his decision, the bankruptcy judge stated, "[t]his was a very meticulous agreement. The parties were represented by counsel.... I believe that the agreement is clear on its face that the parties—it was the intent of the parties that Mrs. Clark ... receive no alimony and support for her benefit." (Transcript of November 13, 1989, hearing, p. 23).

Although I do not underestimate the repercussions of the bankruptcy judge's decision on Mrs. Clark, I cannot conclude that

---

**4.** The bankruptcy judge stated the following during the November 13, 1989, hearing:

> The first inquiry that I must make in determining whether or not provisions of an agreement that are incorporated in a final decree of divorce are dischargeable or not under Section 523, is to determine whether or not I can, from the four corners of the document, determine the intent of the parties. If it is clear and unambiguous, then in my opinion, and as stated in the order that I entered in

this case, the inquiry ends. And that was the determination I made in this case.

**5.** "This [clause contained in the settlement agreement waiving alimony] is a clear expression of the present intent of the parties at the time the settlement agreement was entered that Ms. Clark would receive no direct alimony, maintenance or support from Dr. Clark." (Bankruptcy Court Memorandum and Judgment, p. 14).

it was clearly erroneous. Unlike the other provisions of the settlement agreement, the obligations at issue in this cross-appeal did not specifically provide that they were in the nature of support or maintenance.[6] The waiver of alimony clause specifically stated that the parties "... are relinquishing and forever releasing any claim to alimony in the future." (Settlement Agreement, p. 19). *See In Re Hoffman,* 101 B.R. 578 (Bankr.E.D.Mo.1989). Moreover, under the terms of the settlement agreement, the obligations do not terminate upon death or remarriage of appellee. *See In re Slingerland,* 87 B.R. 981 (Bankr.S.D.Ill. 1988).

■ The two cases relied upon by appellee for her assertion that the bankruptcy judge placed too much emphasis on the waiver of alimony clause contained in the settlement agreement are unpersuasive when applied to the facts of the instant case. In the case of *In re Rich,* the bankruptcy court held that a similar waiver of alimony clause contained in the parties' settlement agreement did not prevent the court from characterizing the obligation as child support. However, in the instant case, the settlement agreement meticulously designated all child support payments as such. Consequently, I cannot hold, as did the *In re Rich* court, that the agreement at issue is ambiguous. Moreover, the three-prong test employed by the bankruptcy court in *In re Leupp* was adopted from the

Sixth Circuit case of *Long v. Calhoun,* 715 F.2d 1103 (6th Cir.1983). The *Long v. Calhoun* test has recently been rejected by the Eleventh Circuit in the case of *In re Harrell,* 754 F.2d 902, 906–07 (11th Cir.1985). The *In re Harrell* court stated that "[w]e conclude that Congress intended that bankruptcy courts make only a simple inquiry into whether or not the obligation at issue is in the nature of support." *Id.* at 907. Although I do not conclude that *In re Harrell* mandates that bankruptcy courts *never* go beyond the face of the settlement agreement in determining dischargeability of obligations under 11 U.S.C. § 523(a)(5), I do hold that where the intent of the parties is clear and unambiguous from the face of the settlement agreement, as in this case, no further investigation is necessary to constitute a "simple inquiry". *Id.* at 907. Accordingly, I AFFIRM the bankruptcy court's determination that the obligation at issue on this cross-appeal is not in the nature of alimony, maintenance, or support and, therefore, is dischargeable in bankruptcy.

ORDER ENTERED.

---

**6.** The settlement agreement expressly designated obligations which were intended to go to the support of the minor children by using the words "as additional support for the minor children...." Settlement Agreement, pp. 7, 9–11.